JOSHUA NEALY, plaintiff in error, *v.* CHAUNCEY BROWN *et al.*, County Commissioners of Jersey county, defendants in error.

*Error to Greene.*

County Commissioners are vested with exclusive jurisdiction over all matters in relation to roads in their respective counties.

It is not necessary to produce record evidence of a road, and if such evidence is introduced, as, for instance, the order establishing the road, it is not necessary, prior to the introduction of such order, to show that all of the previous steps required by the statute had been taken.

The laying out and opening of roads is not an exercise of judicial powers, but the presumption is, that the antecedent proceedings have been regular, which presumption, however, is subject to be rebutted.

If a road is used and travelled by the public as a highway, and is recognized and kept in repair as such by the County Commissioners and supervisors, whose duty it is by law to open and repair public roads, proof of these facts furnishes a legal presumption, liable to be rebutted, that such road is a public highway.

Parol evidence is admissible to show where a road was located. Although there should be some uncertainty as to the precise location of a road, yet, if the evidence be such as to convince a jury as to its location, it is sufficient for them to act upon.

The Court will not instruct the jury upon abstract propositions of law.

DEBT on the statute for obstructing a public highway. The cause was heard in the Greene Circuit Court, before the Hon. Samuel D. Lockwood and a jury, at the October term 1843, the venue having been changed from Jersey county. The jury found a verdict against the defendant below, and a fine of $20 was imposed, from which judgment he prosecutes his writ of error in this Court.

*J. W. Chickering,* and *W. K. Titcomb,* for the plaintiff in error, raised several points, among which were the following:

I. The Court erred in admitting in evidence, at the trial, an exemplification of a part of the record of the County Commissioners' Court, in the matter of the establishment of the road.

*First.* County Courts are of limited jurisdiction, and their jurisdiction must appear on the face of the proceed-

ings. R. L. 142, 143, Gale's Stat. 161, 162; *Key* v. *Collins*, 1 Scam. 403; *Trader* v. *McKee*, Ib. 558, and note on 561; *Beaubien* v. *Brinckerhoff*, 2 Scam. 269, and note on 274; Story's Eq. Pl. 22, n. 3; 4 Starkie's Ev. 1277; *Williams* v. *Peyton's Lessees*, 4 Wheat. 77.

*Second.* Proceedings under road laws are summary, and every irregularity vitiates. The defendant must be shown that all is regular. R. L. 535, Gale's Stat. 584; Laws of 1835, 138; *Rex* v. *Crooke*, Cowp. 26; *Vanhorne* v. *Dorrance*, 2 Dall. 316; *Smith* v. *Hileman*, 1 Scam. 325; *Garrett* v. *Wiggins*, Ib. 337; *Williams* v. *Peyton's Lessees*, 4 Wheat. 77.

II. Parol testimony of the location of the road was improperly admitted. It was irrelevant, or at least of a secondary nature. The stakes were used in locating a road; this action is for obstructing one constructed. 3 Starkie's Ev. 387; 1 Greenleaf's Ev. 316; *Fitzhugh* v. *Runyon*, 8 Johns. 375; *Jackson* v. *Sill*, do. 201; 4 Starkie's Ev. 81, 995, 997, 1002, 1043; 3 Bl. Com. (Chitty's) 24, and note (3); 1 Greenl. Ev. 94, 99, 101, 315, 546; *Rust* v. *Frothingham*, Bre. 259.

If the County Court be only a corporation, the written order for establishing the road was the only admissible evidence. *Owings* v. *Speed*, 5 Wheat. 420; It is estopped by its record. *The Mayor of Thetford's Case*, 1 Salk. 192; 1 Bl. Com. (Chitty's) 475, note (5).

III. The Court erred in refusing to instruct the jury, that, if they believed from the evidence in the existence of any irregularity about the location of the road charged to be obstructed, and that the requirements of the statutes were not complied with; or that there is any uncertainty as to where the road is, and that it may not run over the land of this defendant, he is not liable though he did fence it up on his own land. See authorities cited under the first exception.

Other points, involving the constitutionality of the road laws, were made by the counsel, and authorities cited in support thereof.

*M. B. Miner*, and *J. Gillespie*, for the defendants in error.

The first objection of the plaintiff in error questions the correctness of the Court below in admitting the report of the viewers, indorsed with an order of the Commissioners' Court directing the road to be opened, as being a *part* only of the record of the road. In this there is no error. *Hallock* v. *Woolsey*, 23 Wend. 329.

Parol testimony was admissible to show that when this road was obstructed, and up to the time charged, it bore the stakes set by the viewers and was travelled by the public. Such evidence does not go to contradict the report, but in aid of it. 1 Greenl. Ev. 95, 99.

It was not the duty of the supervisors to have damages assessed, unless the plaintiff in error objected to the use of the road, and it no where appears in this case that he ever requested, or demanded damages to be assessed. Laws of 1835.

The Opinion of the Court was delivered by

CATON, J.* This was an action of *debt* for obstructing a public highway, commenced before a justice of the peace of Jersey county, and appealed to the Circuit Court of that county, whence the venue was changed to the Circuit Court of the county of Greene. The record presents two bills of exceptions, from the first of which it appears that, upon the trial of the cause, the plaintiffs below offered in evidence a certified copy of an order of the County Commissioners' Court of Jersey county, which refers to and adopts the report of the viewers appointed to view and locate the road, for the obstruction of which this suit was brought, and establishes said road as a public highway, and directs that the same be opened and kept in repair according to law. To this the defendant objected, but the Court allowed it to be read, and this we will first examine.

Was it necessary, before it was competent to read this order, to show that all the previous steps required by the

---

* WILSON, C. J. did not hear the argument in this case, and gave no opinion.

statute had been taken? We think not. The County Commissioners are vested with exclusive jurisdiction over all matters in relation to roads in their respective counties, and we are satisfied that sound policy and the public good require that we should presume that the antecedent proceedings had been regular, subject, however, to be rebutted by the other party. If we go behind the order, I know not where we might stop. Should the plaintiff show that a petition was presented, signed by the requisite number of persons, and should he be required to prove that all were legal voters— that the viewers were qualified to act as such, and were sworn, and all the other minute inquiries which ingenuity could invent? . Should such be held to be the law, we should be drawn into the trial of a great number of collateral issues in no wise important to the justice of the case. Should such a rule be adopted, most, if not all, of the public roads in the older counties might be shut up tomorrow with impunity.

In the case of *Eyman* v. *The People*, decided at the September term 1842, [*ante*, p. 8,] this Court went farther than we are now called upon to go. There it was held, that it was not necessary to produce any record evidence of the road. In that case the Court say: "It is insisted that the original survey and plat of the road, and the records of the Commissioners' Court approving the same, and directing the road to be opened, should have been produced as the best evidence that it was a public road. No authority has been cited, nor are we aware of any adjudicated case sustaining this position. The practice would be very inconvenient, and would tend rather to defeat than promote the ends of justice. If the road is used and travelled by the public as a highway, and is recognized and kept in repair as such by the County Commissioners and supervisor, whose duty it is by law to open and repair public roads, proof of these facts furnishes a legal presumption, liable to be rebutted, that such road is a public highway."

The laying out and opening of roads is not an exercise of judicial powers, and hence the position that no presumptions are to be indulged in their favor is not tenable. As

well might he, who is affirming the sale of school land, be required to show that a petition for the sale of the land had been presented by the requisite number of householders of the township.

It is next objected, that parol evidence was 'improperly admitted to show where the road was located. As well might an objection be made to the admissibility of parol evidence to identify land described in a deed. In this there was no error.

The second bill of exceptions presents the instructions given and refused to which exceptions were taken. In the first, the Court was asked to instruct the jury, that if there was any uncertainty as to where the road was and that it might not run over the land of the defendant, he was not liable. This was properly overruled by the Court. Although there might have been some uncertainty as to the precise location of the road, still, if the evidence was such as to convince the judgment of the jury as to its location, that was sufficient for them to act upon. Besides, I am unable to see upon what principle the defendant could claim to be acquitted, because the road, which he obstructed, did not run over his own land, and yet such is the meaning of this instruction, if it means any thing.

The four remaining instructions asked present abstract propositions of law, which, so far as appears from the record, had nothing to do with the case. They seem to assume that, without controversy, the road obstructed was on the defendant's land, while from the record it does not appear that any evidence was given, tending to establish that fact; nor are they asked to be given as the law, in case the jury should find that fact to exist. Without inquiring whether any of these propositions would be true in a case where such questions would legitimately arise, we have no doubt in this case that the Court decided properly.

The constitutionality of these road laws does not arise in this case.

The judgment of the Court below is affirmed with costs.

*Judgment affirmed.*