FIRMAN CYR *vs.* NARCISSE DUFOUR and others.

*County Commissioners' judgment—when conclusive. Damages wrongly assessed.
New trial—when granted. Practice. Trespass qu. cl. Verdict. Way.*

When, in addition to the fact that the verdict is probably erroneous, it is certain that the damages have been assessed upon a wrong principle, the presumption of mistake or prejudice on the part of the jury is so much strengthened, that the court will not attempt to correct their estimate of damages, even although the error is small, but will set the whole verdict aside.

The validity of the location of a way by the county commissioners, in a case over which they have jurisdiction, cannot be collaterally questioned in an action of trespass *qu. cl.* against those employed in constructing such way; nor can the regularity of the appointment of the highway surveyor in charge of the work, be inquired into in such action.

The municipal officers can designate any citizen to superintend the making of a road which it is incumbent upon their town to build; and whether or not any one might not work on it if he chose, by the consent of the town or its officers, *quære?*

ON MOTION FOR A NEW TRIAL.

TRESPASS *quare clausum* against Narcisse Dufour and ten others for breaking and entering the plaintiff's close on the seventeenth day of July, 1871, and on divers days between that day and the date of the writ, July 27, 1871, breaking fences, destroying trees, digging up soil, &c., &c. The *ad damnum* was $500. The plea was the general issue with a brief statement that Dufour was a highway surveyor duly appointed and qualified, and directed to open a certain road, duly laid out by the county commissioners within the limits of the town of Madawaska; and that the other defendants were employed with him in making said road. It was proved, that the supposed acts of trespass were done in the construction of this road, which was located by the county commissioners upon the petition of Wm. C. Hammond and others, representing "that the public convenience requires that alterations be made in the location of the county road which leads from the east line of the State through Hamlin" and other towns "to St. Francis. They therefore ask your honors to view said route and make such alterations as you deem proper." The plaintiff claimed that the location was void for uncertainty in its commencement, "beginning in Madawaska on said county road, at a point six rods south of Joseph Lizott's south line," that Dufour's appointment as highway surveyor was not valid; and that the defendant worked on Cyr's land outside of the limits of the location. The jury rendered a verdict for the plaintiff for twenty dollars, and, in answer to questions submitted by the court, found specially that some of the acts done on the plaintiff's land were outside of the location, but that they were not all so done; and that the plaintiff ought to recover $20 for all the defendants' acts upon his land, both within and without the limits of said road. The defendants moved to set this verdict aside as contrary to the law and the evidence.

*Jos. Granger* and *E. Madigan*, for the plaintiff.

*J. C. Madigan & Donworth*, for the defendants.

WALTON, J.   When a verdict is so clearly wrong as to satisfy the court that the jury must have acted corruptly or mistakenly, it will be set aside and a new trial granted.   But the court will not infer either corruption or mistake, simply because the verdict is contrary to what the court deems a mere preponderance of the evidence.

But when in addition to the fact that the verdict is probably wrong, it is certain that the damages have been assessed upon a wrong principle, the presumption that the jury have been influenced by some improper motive, or that they have acted under a mistaken view of their duty in other respects, is so much strengthened, that the court will not attempt to correct their estimate of damages, although the error is small, but will, in the exercise of their discretion, and furtherance of what they believe to be the substantial merits of the case, set the whole verdict aside and grant a new trial.

Acting upon this principle we feel bound to set the verdict aside in this case.

The action is trespass against a highway surveyor and others, for opening a newly located county road.   The plaintiff claims that the location of the road by the county commissioners is invalid ; or, if not invalid, that the defendants in making it, did not keep within the limits of the location.

We do not think that the validity of the location can be questioned in this collateral way.   It is well settled that the doings of county commissioners in locating highways are valid till reversed or quashed, however defective they may be, provided they have jurisdiction to commence them.   *Small v. Pownal*, 31 Maine, 267 ; *Plummer v. Waterville*, 32 Maine, 566.   The petition in this case was sufficient to give the county commissioners jurisdiction. *Inhabitants of Sumner v. County Commissioners of Oxford County*, 37 Maine, 112.

Cyr *v.* Dufour.

Nor do we think it would be of any avail to the plaintiff if it should appear that the highway surveyor who had charge of the work of opening the road was not legally chosen or sworn. It was competent for the selectmen to appoint any citizen of the town to open the road, whether he was a legally chosen surveyor or not. In fact we know of no rule of law that would prevent any one from working on a legally established highway, with the consent of the town, or its municipal officers, if he was willing to do so.

The only remaining question is, whether, in building the road, the defendants kept within its limits. We are inclined to think they did. But this, of course, was a question of fact for the jury; and if there was no other evidence of error on their part than the fact that upon this point they have decided contrary to what the court deems the weight of evidence, we should not be inclined to disturb their verdict. But this is not the only evidence of error. The jury found specially that "all the acts done by the defendants were not outside the limits of the road as laid out by the county commissioners," and yet they assessed the damages as if they were. This will be made plain by an examination of the special findings. This so much strengthens our conviction that the jury acted upon some improper influence, or fell into some error with regard to the case generally, that we feel bound to set their verdict aside and grant a new trial. *Motion sustained.*

APPLETON, C. J., CUTTING, DICKERSON, BARROWS, and PETERS, JJ., concurred.