SAMUEL GALBRAITH

*v.*

CONRAD LITTIECH.

</div>

73   209
69a 329

1. HIGHWAY—*presumption as to legality in laying out.* When an order of the county court is shown establishing a road, upon a report signed by two of the viewers, and the report does not show that the third viewer failed or refused to act, it will be presumed he was present and so acted with the other two, and this presumption can not be overcome by parol evidence.

2. SAME—*viewer becoming member of county court.* When the report of two viewers, appointed to view and locate a road, is approved by the county court, and the road ordered to be opened, the proceeding will not be invalidated from the fact that one of the viewers, who had no personal interest, was elected a member of the court, and joined in the order of approval.

3. SAME—*marking by stakes.* The validity of a road laid out by the county court does not depend upon the planting of stakes. Their only use

14—73D ILL.

is to indicate the line, until it becomes plain by travel or otherwise. The location of the road may be shown without such marks.

4. SAME—*abandonment for new route.* A party can not, by his own act, relocate a road. That can only be done by those having the power by law. The fact that a party has given other ground for a road, without proof of acceptance by the public authorities, will not show an abandonment of the old line.

5. SAME—*limitation does not run against the public.* As *laches* does not estop, or the Statute of Limitations run against the public, it follows that a mere *non-user* of a highway will not prevent the people from asserting their rights as against one obstructing the same.

6. Where a public highway has been abandoned for a great length of time, and another road has been opened and traveled by the public, and recognized by the public authorities having charge of the roads, and repaired by them as such, an abandonment may be presumed.

APPEAL from the Circuit Court of Mercer county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Mr. JOHN SIMPSON, and Messrs. PEPPER & WILSON, for the appellant.

Mr. JAMES W. DAVIDSON, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This suit was brought by appellee, as supervisor of roads in Henderson county, before a justice of the peace, to recover a penalty from appellant for obstructing a public highway. A trial was had before the justice, and resulted in a recovery of one dollar and costs. An appeal was prosecuted to the circuit court, and a change of venue was had from that county to the Mercer circuit court. A trial was there had, resulting as it did before the justice of the peace. A motion for a new trial was entered, but overruled by the court, and the case is appealed to this court.

All the grounds urged for a new trial are of the most technical character. It is first insisted that but two of the viewers appointed by the county commissioners acted in laying out the road, and it is therefore illegal. Appellant concedes that, had

all acted, the concurrence of two would have answered the requirements of the law. Whether all three joined in the report, still we must presume that all three did act, although but two signed the report.

In the cases of *Nealy* v. *Brown*, 1 Gilm. 10, *Ferris* v. *Ward*, 4 Gilm. 499, and *Dumoss* v. *Francis*, 15 Ill. 543, it was held that on presenting the order of the county commissioners establishing the road, it would be presumed, until disproved, that all the antecedent steps required by the statute had been taken. In this case the order establishing the road was introduced, and also the report signed by two of the viewers. It did not state that the other failed or refused to act with them, and failing to state that fact we must presume that he was present and so acted—nor can the presumption as to that fact be overcome by parol evidence. We will presume that the county commissioners heard evidence, that the other commissioner acted, but failed to join in the report, and the presumption is not contradicted by the record. This is a complete answer to that objection.

It is also objected that one of the viewers who assisted in locating the road, subsequently became one of the county commissioners, and acted in the approval of the report. We see no illegality in this. He had no interest in the result, and the other two seem to have concurred in its approval and in ordering the opening of the road. No reason is perceived why such action should invalidate the proceeding.

There is evidence that the road was opened, traveled, and was repaired in places on its line, for a period of twenty years, or a little less, before this obstruction was made. As to the precise line of the road, it was for the jury to determine and to find whether it had been obstructed, as charged. When appellant closed up a traveled way of such long standing, the presumptions were against him, and it was for him to show that the road was located on other ground, and this was not done by proving that but two stakes were planted. The validity of the road did not depend upon planting stakes any more than on maintaining them after they were planted. Their

obvious use was only to indicate the line of the road, as located, until it became plain by travel or otherwise. A trail, or anything which answered the purpose, enabled travel to follow the line of the road, and that was all that was required, and the plowing of furrows was intended for the same purpose. If the place was known and proved without these marks, the same result is attained. And it was for the jury to say whether its location was proved, and whether appellant obstructed it; and they have found that both facts were proved, and the circuit judge has manifested his approval of that finding by overruling a motion for a new trial, and we shall not nicely examine and balance the evidence, to say whether we would probably have arrived at a different conclusion.

The question, whether or not the proof shows an abandonment of the road by the public, has been urged upon our attention. The record contains no direct evidence of an abandonment. There was no order of the county commissioners ever adopted by which it was vacated. Appellant proved that he, by deed, dedicated a strip of land, fifty feet in width, near the place of the obstruction, to the public for a highway; but this strip was obstructed by gates at each end. Such acts are inconsistent with a dedication, requiring strong proof of acceptance by the public authorities, and an intention to change the old road to the new location, before such an abandonment could be presumed. A party can not, by his own act, relocate a road. That can only be done by those to whom the law has intrusted the power. We, in this case, find no evidence of an acceptance of the proffered dedication, and abandonment of the old road. Nor does *laches* estop, or the Statute of Limitations run against the people. A mere *non-user* will not prevent the people from asserting their rights; but where a public highway has been abandoned for a great length of time, and another road has been opened, traveled by the public, and recognized by the public authorities intrusted with the control of public highways, and repaired by them as such, an abandonment may be presumed—but in this case we fail to find any evidence of such acts on the part of the road authorities, nor

can we infer that they in anywise recognized the proposed new route as a public road.

We perceive no error in this record, and the judgment of the circuit court must be affirmed.

*Judgment affirmed.*