GILBERT B. HANKINS

*v.*

JAMES CALLOWAY *et al.*

1.  HIGHWAY—*previous survey may be adopted.*  Where a proper survey and plat of a proposed road have been made for the commissioners of highways, in a proceeding to establish a road, which falls through from some informalities, and the road is afterwards established, under new proceedings, upon the same route, there is no substantial objection to the adoption and use of such survey, and no new one need be had.

2.  SAME — *time of presenting certificate to justice to have damages assessed.*  Where the notice given to the land owner, by commissioners of highways, of the presentation of their certificate that they are about to establish a road, fixed the time on March 11, while the justice's docket entries in the case were dated March 13, it was *held,* that it might be shown, by other evidence, that the certificate was presented on the first named day, and the jurors selected on that day.

3.  SAME—*recitals in order laying out road made evidence.*  Where the final order of commissioners of highways establishing a road has the positive statement that their certificate was presented to the justice of the peace on a certain day, and a jury was selected by them and the land owners from the list of names presented by the justice, it will afford evidence of the facts, such final order being made by statute *prima facie* evidence of the regularity of the proceedings.

4. SAME—*time fixed for assessing damages.* Where the justice fixes the time for the assessment of damages within ten days from the filing of the certificate with him, as required by law, he may continue the case to a later day, and beyond the ten days, if, for any cause, notice has not been served on all the parties in time, and in such case he will not lose jurisdiction, and there is no error in taking the statement in the justice's docket, and in the final order establishing the road, to show such fact.

5. RIGHT OF WAY—*oath to jury assessing damages.* An oath administered to a jury, before a justice of the peace, on a proceeding to establish a road, in the form prescribed by the statute, with the addition of the words, "if any," as to the damages, does not render the proceedings void. The error, if any, does not go to the jurisdiction.

6. SAME—*error in assessing damages can not be inquired into collaterally.* In trespass, for removing a fence to open a road, the proceeding to establish the road can not be attacked collaterally for mere errors not going to the jurisdiction, and parol evidence, to show the jury adopted an improper basis in their assessment of damages, is inadmissible. The remedy in such case is by appeal.

APPEAL from the Circuit Court of Christian county; the Hon. HORATIO M. VANDEVEER, Judge, presiding.

Mr. A. MCCASKILL, and Mr. JOHN B. JONES, for the appellant.

Mr. JAMES M. TAYLOR, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of trespass, for removing a fence on one line of appellant's land. It was set up, in justification, that the act complained of was done in the opening of a public highway which had been laid out upon the land by direction of one of the appellees, who was a commissioner of highways of the town in which the land is situated.

A trial by the court, without a jury, resulted in a judgment for the defendants. The plaintiff appealed to this court.

The questions presented upon the record are but a single one as to the legality of the road, and others as to the validity of the proceedings had in the assessment of appellant's damages by reason of the establishment of the road.

The record of the proceedings in the laying out of the road, and the order establishing it, were introduced in evidence, and the only exception taken thereto is, that the survey and plat thereof by the surveyor were made prior to the commencement of the proceedings for laying out the road. The facts in this regard appear to be, that, in the year previous, proceedings had been commenced to lay out a highway on this same route, but, through some informality, they finally fell through; that, in the course of said proceedings, a survey was made of the route by the county surveyor, in May, 1874, and a plat and certificate of the survey were delivered to the commissioners of highways by the surveyor, and that when, in April, 1875, the commissioners had decided to lay out the present road on that same route, they applied to the surveyor to make another survey, to which he objected, saying that the plat and certificate would be the same as the former ones, that nothing could be changed, and they used and adopted that survey. We see nothing substantial in this objection. The making of another survey, plat and certificate would have been but an idle work, and not required.

Appellant's damages by reason of laying out the road over his land were assessed by a jury, under the statute, at $23, which were tendered to him, and he refused to accept the same. The chief questions in this case are raised in regard to the regularity of the proceedings in the assessment of these damages.

The statute provides that, in case the damages are not released or agreed upon, the commissioners of highways shall make a certificate that they are about to establish the road, describing the lands over which it is to pass, naming the owners, and asking for a jury to assess their damages, which certificate they shall present to some justice of the peace of the county, who shall summon a jury of six persons, in the manner provided, to appear before him, within ten days from the time of presenting the certificate, to assess such damages. The commissioners, here, gave appellant the notice required

by the statute, that they would present such certificate to the justice of the peace named, on the 11th day of March, 1875. Appellant claims that this certificate was not presented to the justice until the 13th of March, and that this is fatal to the proceeding. The only ground for this claim is, that the justice of the peace dated his docket entries in the case, "March 13, 1875;" but the proof otherwise is, that the certificate was presented at the time and place stated in the notice served upon appellant, viz: on the 11th of March. The justice of the peace, in his certificate to the transcript of the proceedings, states that the jurors were selected by the land owners and the commissioners, on the 11th, from the list of eighteen names furnished by him. The final order of the commissioners establishing the road has the positive statement that the certificate was presented to the justice of the peace on the 11th day of March, 1875, and a jury was selected by the commissioners, and Henry Mitchell and Theodore Vandersant, two of the land owners, from the list of names presented to them by the justice. This final order is made by the statute *prima facie* evidence of the regularity of the proceedings. Rev. Stat. 1874, p. 927, sec. 92. We can not accept the mere date of the docket entry as rebutting the evidence of the presentation of the certificate on the 11th of March.

It is further claimed, that the justice fixed the time of trial for the assessment of damages on the 26th day of March, 1875,—more than ten days from the time the certificate was presented; and that thereby the justice lost jurisdiction, and the assessment made on the 26th was void—the statute requiring such time to be fixed within the said ten days. The fact alleged as to the time thus fixed is denied by appellees— they claiming that the justice fixed upon the 20th of March, and issued a notice accordingly to the land owners; that some of them not having been served in time for the 20th, the case was continued until the 26th of March. There is the same confusion with respect to this question as the former one. There appear but one *venire* and notice to the land owners,

and the former, dated the 18th, is returnable on the 26th, and the latter is for the 26th, and is dated March 13th; but the entry on the justice's docket is, that the case was continued, because of non-service, from the 20th to the 26th of March, 1875. The final order of the commissioners states that the justice fixed upon the 20th for the making of the assessment, and issued notice of the same to the land owners, and a *venire* returnable on that day, but that, for want of service on some of the parties, the time for such assessment was continued by the justice from the 20th to the 26th day of March, 1875. The notice appears served upon some of the parties on the 19th, and on some on the 20th of March. We can not say that there was error below in taking the statement in the docket of the justice, and the final order of the commissioners, as expressing the truth of the matter that the time originally fixed was the 20th, and a continuance had to the 26th. The discrepancy may not, improbably, have arisen from the changing of dates in the papers to conform to the time to which adjournment was made.

On the 26th of March, appellant appeared, and moved the justice to dismiss the suit for want of jurisdiction, which motion was overruled, when appellant withdrew, and took no further part in the trial, and thereupon it proceeded, and the assessment was made by the jury of appellant's damages. He had been duly served with notice of the time and place of the assessment. We do not perceive any want of jurisdiction.

It is next objected that the jury, upon the assessment, were not properly sworn, the oath taken being, to assess the damages, *if any*, etc. It is said that a party is, at all events, entitled to compensation for the value of his land; that compensation for the land is a different subject from the damage, and that the jury should have been sworn, besides, to assess the value of the land. The oath is in the form prescribed by the statute in the case, (Rev. Stat. 1874, p. 926, sec. 84,) with the exception of the addition of the words, "if any."

At the trial of the case at bar, in the court below, appellant

introduced as a witness a member of the jury that made the assessment of appellant's damages, and inquired of him whether the jury, in assessing the damages, took into consideration, or allowed in their verdict, the value of the land taken from appellant, and the question, on objection, was excluded by the court, and this is complained of. The assessment which had been made of the damages could not be thus attacked in a collateral proceeding. If the assessment of appellant's damages was too low, or made upon an improper basis, his remedy for the correction of the error was by appeal, as provided for by the statute. Neither this objection nor the one last preceding can be said to go to the point of jurisdiction in the proceeding for the making of the assessment, but to be only errors, if such, in the exercise of jurisdiction, and not collaterally reviewable.

The road appears to have been properly laid out, appellant's damages duly assessed and tendered to him, and the matter of justification made out, and the judgment must be affirmed.

*Judgment affirmed.*