SAMUEL TROTTER

*v.*

JAMES T. BARRETT *et al.*

*Filed at Mt. Vernon November 20, 1896.*

1. HIGHWAYS—*how far order opening road is proof of release of damage.* The *prima facie* case as to the regularity of all prior proceedings, which is made by the final order of three supervisors opening a road, (Rev. Stat. 1874, p. 927, sec. 92,) must prevail as to a release of damages by a land owner, where such order recites the fixing of certain damages by a jury and that "the damages of all others were agreed upon," and the evidence as to such release confirms rather than overcomes such *prima facie* case.

2. SAME—*when a new road is deemed to be opened, within the meaning of the statute.* Where a way is opened and there is travel within two years, the commissioners will not be deemed to have failed to open the road, within the meaning of the statute, although the travel is light and the road has not been put in the best possible condition.

APPEAL from the Circuit Court of Wayne county; the Hon. C. C. BOGGS, Judge, presiding.

HANNA & HANNA, for appellant:

Although a public highway may be ordered as required by statute and a release of right of way obtained, yet unless the road was opened for travel within five years from the date of the order the road is abandoned. *Green* v. *Green,* 34 Ill. 320; Rev. Stat. 1874, p. 932; *Wragg* v. *Penn Township,* 94 Ill. 11.

Opening the east end of the road could not affect appellant's rights as to the land in controversy, where no road had been opened. *Wragg* v. *Penn Township,* 94 Ill. 11.

Evidence to defeat a legal title must be clear and positive. *Mariner* v. *Saunders,* 5 Gilm. 113; *Bennett* v. *Waller,* 23 Ill. 97; *Rankin* v. *Crow,* 19 id. 626.

That cannot be proven by parol which must be in writing. The parol evidence of an admission is competent only where the act itself might be proven by parol. *Mason* v. *Park,* 3 Scam. 532; *Jamison* v. *Conway,* 5 Gilm. 227.

It is essential for appellees to prove, if they rely upon a release or any other kind of a dedication, that the land was accepted by the public, and worked, appropriated and opened to the use of the public as a road. *Gentleman* v. *Soule*, 32 Ill. 271; *Grube* v. *Nichols*, 36 id. 92; *Forbes* v. *Balenseifer*, 74 id. 183; *Insurance Co.* v. *Littlefield*, 67 id. 368.

CREIGHTON & KRAMER, for appellees:

A party will be concluded from denying his own acts and declarations which were designed to influence, and did influence, others, when by so doing the latter will be injured or embarrassed thereby. Bigelow on Estoppel, (5th ed.) 570, sec. 2, and notes; *Kinnear* v. *Mackey*, 85 Ill. 96; *Hefner* v. *Vandolah*, 57 id. 520; *Flower* v. *Elwood*, 66 id. 447; *Chandler* v. *White*, 84 id. 435; *Hill* v. *Blackwelder*, 113 id. 283; 2 Herman on Estoppel, secs. 932, 934-936; 7 Am. & Eng. Ency. of Law, 16.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellant filed a bill for injunction against the appellees, as highway commissioners of Elm River township and as overseer of highways of said township, alleging he was the owner of certain lands in the bill described, and that in 1884 an attempt was made to establish a highway on the south side of said tract of land, but avers the same was never lawfully established, and denies the right to establish the same over said land until obtained by release, condemnation or otherwise. The bill further alleges that no attempt was made to open the highway for public use until June 1, 1895,—more than ten years after the highway had been attempted to be established; that defendants are removing the fence of the complainant from around the said land and cutting valuable timber thereon, and are attempting to establish a permanent highway; that on the 25th of May, 1895, they gave complainant notice to remove his fence, and, that notice not

being complied with, they proceeded to move the fence twenty-five feet back on said land and to open said highway on the south side of said tract. The answer avers that the public highway was established on the land in December, 1881, and complainant signed the petition to have the road established, and assisted in taking an appeal to three supervisors when the prayer of the petition was rejected by the commissioners of the town, and complainant agreed to pay a portion of the expenses if said appeal was unsuccessful. On hearing, the court dissolved the temporary injunction and dismissed the petition, and rendered judgment against the complainant for costs.

· The evidence shows that when the original proceeding was had to locate the road, an order was entered by three supervisors reversing the decision of the commissioners who refused to open the road, and granted the prayer of the petition, laying out the road in pursuance of law. The road as petitioned for passed through enclosed lands except where located on the south line of appellant's land, which was at that time vacant, and after the order opening the road was entered the fences on the enclosed portion were set back and a track cut out through the woods and the road opened for public travel. Subsequently the land south of that owned by appellant was cleared and fenced, and twenty-five feet left for the public highway by the owner. In 1895 appellant enclosed his land and placed a fence on the south line, which was in the middle of the road as located, whereupon the highway commissioners gave him notice to remove his fence, and upon his refusal so to do they removed the same and placed it on the north line of the highway.

The question of first importance to be determined is, whether there is in this record any evidence of appellant having executed a release. By section 92 of the Road law (Rev. Stat. 1874, p. 927,) it is provided: "The record of the town clerk, or a certified copy of such record, and

papers relating to the establishment, location, alteration, widening or vacation of any road, shall be *prima facie* evidence in all cases that all the necessary antecedent provisions have been complied with, and that the action of the commissioners of highways, and other persons and officers in regard thereto, were regular in all respects." This is substantially the same as section 52 of the Road and Bridge act in Hurd's Statutes of 1883, and retained as section 52 in Myers' edition of 1895.

By this statute the final order of the commissioners or supervisors who laid out the road is made *prima facie* evidence of the regularity of the proceedings, and that all antecedent provisions of the statute have been complied with. The final order of the supervisors establishing this road and reversing the order of the commissioners contains the following paragraph: "We therefore caused a survey and plat of said road to be made on the 18th day of June, A. D. 1883, by James W. Hilliard, a competent surveyor, which plat and survey were to us duly reported and are hereunto appended and made a part of this order; and having ascertained the aggregate amount of damages to which the owners of lands over which said road was to pass were entitled, and said damages having been definitely fixed by a jury of twelve men, which had been summoned and the case tried previous to the commencement of this appeal in the damages of George Johnson, and the damage of all others were agreed upon." By this final order it was determined by the commissioners at the time that the damages had been agreed upon, and by reference to the petition, as well as the record offered in evidence as to the releases made, it appears that Samuel Trotter was the owner of the tract in the bill described at the time the petition was acted on by the three supervisors and the final order for opening the road made, and the recital in that order is *prima facie* evidence that the damages to Trotter were assessed or agreed upon, as the assessment of the damages or their release was antece-

dent to the final order opening the road. That order is by the statute *prima facie* evidence of the regularity of these proceedings. *Hankins* v. *Calloway*, 88 Ill. 155.

The evidence contained in this record shows the appellant was one of the persons appealing from the order of the commissioners of highways refusing to pay the damages assessed. It further shows he admitted he had given a release and offered inducements for the establishment of the road as petitioned for. There is nothing to overcome the *prima facie* case as to the existence of a release made by the order of the supervisors for opening the road. With this fact established, it then is important to determine if the road was opened within the period of time required by the statute. It is shown by the evidence that there was not much travel along this part of the road the opening of which is sought to be enjoined, but it is also shown that a way was opened and travel had along the same. Whilst it is necessary that a road shall be opened, in the manner prescribed by the statute, within the period provided, it is not necessary that all the work that could be done on the public highway shall be done or that it shall be made in the best possible condition. It is sufficient that the road be opened so that travel may be had along the same. The evidence in the record shows that this road was opened so that travel was actually had along the line of the road substantially as located, and it was therefore opened in pursuance of the statute.

There was no error in dissolving the temporary injunction and dismissing the bill. The decree of the circuit court is affirmed.

*Decree affirmed.*