# W. H. COX

## v.

## COMMISSIONERS OF HIGHWAYS OF EAST FORK TOWNSHIP.

*Opinion filed February 21, 1902.*

1. HIGHWAYS—*sufficiency of order establishing road depends upon its recitals.* If the sole reliance to establish a road is placed upon the final order of the highway commissioners, the sufficiency of such order depends upon the recitals and directions contained therein.

2. SAME—*when order is ineffectual to establish a road.* While the presumptions are in favor of the various steps preliminary to the entry of an order establishing, altering or vacating a road, yet if the recitals and orders omit any essential element and such omission is not supplied by the papers relative to the antecedent proceedings, such order does not establish the existence of the road.

3. SAME—*a partial non-user does not establish abandonment.* Where an abandonment of the prescriptive right acquired by the public to a highway is relied upon, it must be clearly proven that all use of it as a public road has ceased for a sufficient length of time to clearly indicate the intention to abandon, and proof of transient or partial non-user will not suffice.

4. PARTIES—*when objection that suit was not properly brought is not fatal.* It being the duty of highway commissioners to prosecute offenses for obstructing highways, the fact that the justice erroneously dockets the case in the name of the commissioners of highways of the particular town instead of in the name of the town is not a fatal objection, since the matter may be remedied, even in a court of review, by motion to strike out the superfluous words.

WRIT OF ERROR to the Circuit Court of Clinton county; the Hon. SAMUEL L. DWIGHT, Judge, presiding.

VANHOOREBEKE & LOUDEN, for plaintiff in error.

THOMAS E. FORD, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

The commissioners of highways of East Fork township complained to a justice of the peace of that town that W. H. Cox, plaintiff in error, was obstructing a certain highway in the town. On a trial of the case plaintiff in error was fined one cent and costs. On appeal by

him to the circuit court of Clinton county a trial was had before the court without a jury, and judgment was given against him for three dollars and costs.   He now brings the record before this court on a writ of error.

The question in controversy is, was the place obstructed by plaintiff in error in a public highway or not. He denies there was a road at the place obstructed, either by statutory proceeding, dedication or prescription.   To prove a road under the statute, the commissioners offered in evidence a final order of the highway commissioners purporting to alter a certain road.   This final order is alleged by plaintiff in error to be so defective as to be insufficient to establish a road under it.

When the sole reliance to establish a road is placed on the final order, the sufficiency of such order necessarily depends upon the recitals and orders contained in the same.   Although the rule in this State has always been that in the matter of laying out, opening, altering, widening or vacating roads the presumptions are all in favor of the regularity and validity of the various steps and proceedings that are antecedent and preliminary to the entry of the order laying out, opening, altering, widening or vacating such roads, but subject to rebuttal by any person questioning the validity of such proceedings, (*Shields* v. *Ross,* 158 Ill. 214; *Trotter* v. *Barrett,* 164 id. 262; Road Law of 1883, sec. 52;) yet if the recitals and orders in the final order show the lack of any essential element, and such lack is not supplied by the papers relative to the antecedent proceedings, (as was done in *Hankins* v. *Calloway,* 88 Ill. 155,) such order will be ineffectual to establish the road.   The final order in this case, after reciting presentation of petition on May 25, 1875, posting the same, fixes upon "the 25th day of ....., 1875, as the time when and as the place where" the meeting to examine the route of said road shall be held, and further on the 18th day of June, 1875, is appointed "as the time and place to meet and finally determine upon the route

of said road." At this last meeting "it was finally determined that the said road be altered." Then follows a description of the road and reference to a plat annexed, and the road "as so altered is declared a public highway of fifty feet wide." The order is dated July 28, 1875. No reason is given in the order for making the order on this day and not on June 18. The place of meeting is nowhere stated in the order, nor does it appear what was the route of the road that was altered. The petition not being in evidence, there is nothing in the record to show what was the road that was altered. The statute requires a description of the road to be altered to be given in the petition. As the altering of a road necessarily vacates at least a part of the old road, there ought to be some record by which it can be determined what was vacated and what was newly established. The descriptions of the road as finally altered in the order and in the surveyor's certificate to the plat do not agree, although the route seems to be plainly marked on the plat. There is no starting point in the order, and it twice contains the direction "N. E." where the survey gives it as "N.," which is obviously the true direction. The order contains three clauses of direction, variation and distance not contained in the description in the surveyor's certificate, and which have obviously been omitted in the latter. There are other defects in the description besides. All these defects, and various other irregularities, are pointed out and urged by plaintiff in error. He also urges that the statute gives the commissioners no right to lay out a road less than sixty feet in width. At the time this road was sought to be altered the limit of width was fifty feet. (Rev. Stat. 1874, chap. 121, sec. 65.) The final order must be held to be insufficient to establish the road.

The commissioners also sought to prove a road by prescription. It is admitted by plaintiff in error that there was a road traveled by the public along his west

line, but he claims that all the travel was west of his line, and only as the land owner on the west of the public road set out his east fence into the road at the south end of plaintiff in error's land, narrowing the road there, was the travel forced over upon his land, the public being compelled to trespass on his land by reason of the wrongful action of the land owner on the west. This wrongful action first began about nine years ago. It seems that the traveled road ran west of the section line until within about two hundred yards of plaintiff in error's south-west corner, when it turned across the line and ran across his south-west corner, and that the obstructions complained of were in this part of the road. There is evidence in the record that there was a traveled road along that section line in 1855; that it was there thirty years ago; that the road was sought to be laid out and surveyed in 1875 or 1876; that it was re-surveyed in 1883; that a culvert was built in it in 1885; that it had road ditches on either side; that it was again surveyed on a petition of twelve land owners in 1900, shortly before this action was brought. One witness, George Clark, testified that he had known the road ever since it was laid out and surveyed the first time, in 1875 or 1876; that it was "chopped out" through Mrs. Cole's field, which is now the property of plaintiff in error, by the road boss; that the commissioners never ordered her to remove her fence and the road remained there till the fall of 1883; that it was then re-surveyed and was put a little west of where the first survey had located it, leaving the edge of the road outside of the fence. This road has been traveled ever since and is the main road from Boulder to Keyesport. L. D. Bryant, a witness for plaintiff in error, testified that "in 1855 the road ran right angling across the whole thing, and on until about fifteen years ago it run angling across; somewhere, probably not fifteen years ago, it was turned where it is now." Other witnesses testified that for the past ten years the part now claimed as a road had been

in cultivation, although there was no fence between it and the road, the old fence having rotted down. The great weight of the evidence is, that part of the road ran west of the Cole fence ever since 1887; that the encroachments on plaintiff in error's south-west corner commenced about nine years ago, when the land owner on the west commenced setting his fence in the road there, and the obstructions complained of were all east of the line of the old Cole fence.

By combining the testimony of George Clark and L. D. Bryant we find that from 1855 to the re-survey in 1883 the road ran angling across the section line, thereby putting the eastern portion of the road on the land now owned by plaintiff in error, thus giving the public a clear prescriptive right to the road for over twenty years; that then, by a re-survey, it was turned to the west of the Cole fence, which plaintiff in error claims was on the section line, if we understand his contention properly. The latest survey, in 1900, however, located the section corners and witness stones precisely as the survey in 1883 had located them. The public authorities and the neighborhood had all along acted on the theory that the order of 1875 had laid out a statutory road fifty feet wide along the section line,—that is to say, a road twenty-five feet in width on each side of the section line. How, then, can it be said that the re-survey of 1883 put the road on the west of the Cole fence, if that fence stood on the section line? As far as the record discloses, this road had never before been questioned until questioned by plaintiff in error. When plaintiff in error bought his land he complained of encroachment on this road by the land owner on the west. Even if the public did cease to travel a part of this road in 1883, as claimed by plaintiff in error, still there was no formal abandonment of the road by the road authorities, and plaintiff in error's adverse possession, if any there was, was interrupted across that portion where he obstructed the road as complained of

herein, almost as soon as he bought his land. The right of user by the public continues until it is clearly and unmistakably abandoned. When an abandonment is relied upon it must be clearly and satisfactorily proven, and that all use of it as a public road has ceased for a sufficient length of time clearly to indicate the intention. A transient or partial non-user will not suffice. Mere intermission is not interruption. (*Town of Lewiston* v. *Proctor*, 27 Ill. 414; *Township of Madison* v. *Gallagher*, 159 id. 105.) The evidence does not show that the public had abandoned the east part of the road in question.

It is urged by plaintiff in error that this suit was improperly brought by the highway commissioners instead of being brought by the town, as required by statute. The summons issued by the justice who tried the case summoned the defendant below "to answer the complaint of the commissioners of highways of East Fork township for obstructing the highway." It is made the duty of the highway commissioners to prosecute for such offenses as obstructing the highway, and no inference can be drawn from the summons that the suit was not properly brought. That the suit was docketed by the justice in the name of the commissioners of highways of East Fork township instead of in the name of the town seems to have been an error made by the justice in writing up his docket, which has been carried through all the subsequent proceedings. This was evidently a mere oversight of the parties, and could have been remedied at any time by motion to strike out the superfluous words, even by the court in which the judgment shall be removed by appeal or writ of error. (Statute of Amendments and Jeofails, sec. 7.) The objection now made was not made below, and it should not prevail when made here for the first time.

The judgment will be affirmed.

*Judgment affirmed.*