### J. W. Hand v. Township of Audubon.

1. Notice—*when insufficient as to hearing upon petition to lay out road.* Notice fixing the hearing upon a petition to lay out a road at " the site of the road," is insufficient.

Action of debt. Appeal from the Circuit Court of Montgomery County; the Hon. Samuel L. Dwight, Judge, presiding. Heard in this court at the May term, 1905. Reversed. Opinion filed December 22, 1905.

D. H. Zepp and Jett & Kinder, for appellant.

Lane & Cooper, for appellee.

Mr. Presiding Justice Puterbaugh delivered the opinion of the court.

This is an action in debt by appellee against appellant, to recover the statutory penalty for obstructing a public highway. The court, before whom the cause was tried without a jury, found the defendant guilty, assessed the damages at $3 and entered judgment therefor; whereupon the defendant appealed. The only errors assigned are that the court erred in entering the judgment, and in refusing and modifying certain propositions of law tendered by the defendant. That appellant obstructed a certain road is not denied, his contention being that the same was not a public highway. The evidence shows that prior to the alleged obstruction, the commissioners of highways of appellee entered a final order establishing a public highway over

the premises in controversy, and filed the same with the town clerk; that an appeal therefrom was taken by appellant and another, to three supervisors, who reversed the action of the commissioners, and that afterward, upon *certiorari*, the Circuit Court rendered judgment quashing the proceedings before the supervisors, from which judgment no appeal was ever prosecuted.

Counsel for appellant have filed in this court a brief of authorities relied upon, but we have been favored with no argument or discussion in support of the assignments of error. We, however, gather from their brief that it is contended by them that various of the steps taken by the commissioners antecedent and preliminary to the final order establishing the road, were not in conformity to the statute, and that the final order is therefore void.

After showing the obstruction, appellee introduced the final order and plat in evidence, and then rested its case.

"When the sole reliance to establish a road is placed upon the final order, the sufficiency of such order necessarily depends upon the recitals and orders contained in the same. Although the rule in this State has always been that in the matter of laying out * * * roads the presumptions are all in favor of the regularity and validity of the various steps and proceedings that are antecedent and preliminary to the entry of the order laying out * * * such roads, but subject to rebuttal by any person questioning the validity of such proceedings, yet if the recitals and orders in the final order show the lack of any essential element, and such lack is not supplied by the papers relative to the antecedent proceedings, such order will be ineffectual to establish the road." Cox v. Commissioners, 194 Ill. 355.

The final order in the case at bar, after reciting the presentation to the commissioners of a petition, etc., for the laying out of the road, further recites that "said commissioners did fix upon the sixteenth day of January, 1903, at two o'clock P. M., as the time when, and *site of road* as the place where they would meet to examine the route of said road and hear reasons for or against the laying out of the same," etc.

It is insisted that the notice was so indefinite as to the place where the meeting would be held as to render the subsequent proceedings of the commissioners void. Harmon v. Commissioners, 38 App. 237, was a *certiorari* proceeding to review the record of the proceedings of commissioners in laying out a public road. The place appointed for the meeting to examine the route and hear reasons, etc., was "at the site of the proposed road in said town." We there held that a notice of that character was too indefinite and rendered the proceedings and order invalid.

Among other evidence offered by appellant in the case at bar was the record of an amendment kept by the town clerk pertaining to this road. It appears therefrom that the "commissioners met on the day fixed for the meeting and examined the road from end to end and walking over entire length of said road." Appellee insists that this evidence cured the defect in the notice as to place, and cites the case of Smith v. Commissioners, 150 Ill. 389, where the notice given by the commissioners fixed the place of meeting "at the west end of the proposed route." The record of the commissioners recited that "Commissioners met at the beginning of the road mentioned within at 10 o'clock A. M., and walked over said road to the east end and then after hearing reasons for and against the location of said road, unanimously declared in favor of granting prayer of petition and adjourned."

It was insisted that the meeting was held at the *east* end of the road instead of the *west* end as appointed and advertised; that the defendant and others were thereby deprived of an opportunity to be present and be heard in opposition to laying out the road, and that by holding the meeting at a place different from the one appointed, the commissioners lost jurisdiction of the proceeding. In reply to such contention the court, in part, says: "We think that the point thus raised was without substantial foundation in fact. The meeting was appointed to convene at the *west* end of the road, at 10 o'clock A. M. of February 10, 1893, and the purpose was, to go over the road and view

the proposed route, and hear reasons for and against laying out the road. The record shows with sufficient clearness that the commissioners did in fact meet at the time and place appointed. The place of meeting, it is true, is described in the order as at the beginning of the road. This description doubtless would, of itself, be ambiguous, but as the order recites that, after convening, they walked over the road to the east end, it is sufficiently plain that the place of meeting was at the west end. The very purpose of the meeting was to go over the route of the proposed road, and after those who desired to be heard upon the question of the propriety of laying it out had assembled or had an opportunity to assemble at the place appointed for the meeting, it was wholly immaterial whether the hearing of reasons for and against the laying out of the road was had at the west end before, or the east end after, the commissioners had viewed the route. The meeting was one continuous proceeding, and so far as the record discloses, it was conducted in all respects in a proper manner."

We do not regard the case cited as in point or decisive of the question under discussion. The purpose of the notice required by the statute is to afford an opportunity to those interested and who so desire, to assemble together as a body and be heard by the commissioners upon the question of the propriety of laying out the proposed road. The notice under consideration fails to specify whether the meeting was to be held at the east end, the west end, or midway between the two, or at any other particular part of the road, which the evidence shows was a mile in length. The fact that the commissioners may have walked over the entire length of the road does not cure the defect. It is not shown at which end of the road they started, if either.

The statute undoubtedly contemplates that at such meetings there shall be suggestions offered, an interchange of views, mutual discussion or argument by those in attendance. Not that the parties interested shall be compelled to roam over the road in search of the commissioners and then when found express their views and desires, individu-

604    APPELLATE COURTS OF ILLINOIS.

VOL. 123.]    People ex rel. Hall v. Drainage Comrs. of Arcola.

ally or in groups as the case might be.   In the Smith case, *supra,* while the order or record of the commissioners fixed the place of meeting " at the beginning of the road," the exact place was definitely specified by the notice as at the west end of the road, at a particular hour.

The statutory requirements as to notice in proceedings of this character are jurisdictional, and unless they have been given in a proper manner, the commissioners are not authorized to act.   Hamilton v. Commissioners, 203 Ill. 267.

Neither the notice nor the record in question shows a compliance with the statute.   Consequently the commissioners failed to acquire jurisdiction to lay out the road, and their order to that effect is a nullity.

For the foregoing reasons the judgment of the Circuit Court will be reversed without remanding.

*Reversed.*