HOFFMAN *v.* DIEKMAN.

1. HIGHWAYS AND STREETS—NONUSER—ABANDONMENT.

While mere nonuser of highway does not necessarily operate as abandonment, yet change of location made by public authorities, use of old way discontinued in fact, and new way utilized by public to exclusion of old way, does operate as abandonment of old way.

2. SAME—EASEMENTS—REVERSION TO ABUTTING OWNERS ON ABANDONMENT.

Where part of old highway has been abandoned in fact and law by relocation of new way by public authorities, and relocation has been consummated, land in old way to center thereof reverted to abutting owners, freed from all easement for highway purposes.

Appeal from Monroe; Root (Jesse H.), J. Submitted April 7, 1932. (Docket No. 56, Calendar No. 36,345.) Decided June 6, 1932.

Bill by Martin L. Hoffman and another against Joseph Diekman and another to remove an encroachment on a highway and abate a nuisance. Grover C. Dillman, State highway commissioner, intervened as party plaintiff to enjoin encroachment on a highway. Decree for defendants. Plaintiffs appeal. Affirmed.

*Gordon & Williamson* and *Quentin L. Kline,* for plaintiffs.

*Paul W. Voorhies,* Attorney General, and *Harry N. Deyo,* Assistant Attorney General, for intervener.

*Davidow & Davidow,* for defendants.

On effect of nonuser of road, and new road in place of old, see annotation in 26 L. R. A. 462, 468.

As to question of reversion of title on abandonment of highway, see annotation in 26 L. R. A. 659; 18 A. L. R. 1008; 42 A. L. R. 236; 70 A. L. R. 564.

WIEST, J.   A township road, known as the Old
Plank road, existed for many years in Berlin town-
ship, Monroe county.   Later it became a county road
and was called the Telegraph road, and still later
was taken over by the State highway department.
While under county jurisdiction the part of the road
between the lands of plaintiffs Hoffman and de-
fendants Diekman was relocated, and, by condem-
nation of land for such purpose, made to curve from
its old line through the property of defendants,
leaving a small triangle of defendants' land between
the curve line and the line of the old road.   The
change of location was in 1922, and since that time
all travel has followed the new road, and no atten-
tion has been given the old road by the public au-
thorities.   In 1924 defendants asserted title, freed
from easement, to the center of the old road, abut-
ting their property, under claim of abandonment
of the easement for highway purposes and conse-
quent reversion, and constructed a gasoline filling
station with accessories thereon fronting the new
road.   Plaintiffs Hoffman filed the bill herein, as-
serting that the gasoline station, together with its
accessories, was an encroachment on the old high-
way and a nuisance, and asked for abatement there-
of.   The State highway commissioner was permitted
to intervene and set up the claim that the old road
had not been abandoned, and also asked for re-
moval of the encroachment thereon.

In the circuit court abandonment of the old road
was adjudged, and reversion of title to the center
thereof declared to be in defendants.   Gasoline
pumps, however, found to be within the new right
of way, were ordered removed, and the gasoline
station declared not to be a nuisance.

In 1922 the road commissioners for Monroe coun-
ty, in a petition to the circuit court, stated "that

they desire to change the location of the Old Plank road * * * that they have declared such change in the location of the Old Plank road to be necessary for the welfare and convenience of the public," and asked for the appointment of commissioners "to determine the public necessity of such proposed change of location of the Old Plank road," and for taking land of defendants Diekman for such purpose. Commissioners were appointed and determined "that the change in the location of the said Old Plank road to the location above described is necessary and conducive to the public welfare and convenience." This was confirmed by the court, and the location of the road changed by opening the new way, paving thereof, and abandonment in fact of the old way. Necessity of the change in location was determined, right to the new way was legally acquired, the new way was intended to, and has, in fact, superseded use of the old way, all necessity of the old way ceased, and there was abandonment thereof in fact and law.

Change of location having been consummated, and all travel diverted, the substitution of the new way for the old way operated as an abandonment of the old way.

It is true that mere nonuser does not necessarily operate as an abandonment. When it appears, however, as here, that public necessity demanded the change in location, and such change was made by public authority, and use of the old way discontinued in fact, and the new way utilized by the public to the exclusion of the old way, abandonment is established.

"The public may lose its right to a highway either by its being vacated as provided by statute, or by abandonment." *Brockhausen* v. *Bochland,* 137 Ill. 547 (27 N. E. 458).

The question here presented was well considered in *Lanesville Highway Com'rs* v. *Kinahan,* 240 Ill. 593, 601 (88 N. E. 1044):

"The ground in dispute was originally a public highway and it continued to be such, and the public right was not lost unless it was abandoned. The burden was upon the defendants to prove an abandonment by clear and satisfactory evidence, and to do that it was necessary to prove an actual nonuser under circumstances clearly indicating an intention to surrender and abandon the public right. (*Cox* v. *Commissioners of Highways,* 194 Ill. 355 [62 N. E. 791].) The defendants asserted that a new highway had been lawfully acquired answering the same purposes as the original one, and that the public and the public officials had accepted the new road and completely abandoned the old one. If the public has ceased to travel a road and acquired another which accommodates the public travel, an abandonment of the first road may fairly be presumed. The public authorities having charge of the highways are invested with the right to decide between the relative advantages of the two roads, and if they believe the one substituted for the other is preferable and adopt and improve the substituted road as the public highway, their decision is sufficient. (*Grube* v. *Nichols,* 36 Ill. 92.) Where a highway has ceased to be used and another is acquired in its place with the consent and approval of the public authorities, and the use of the original highway has ceased for a sufficient length of time to clearly indicate an acceptance by the public of the new highway, the old one will be regarded as abandoned. (*Galbraith* v. *Littiech,* 73 Ill. 209; *Champlain* v. *Morgan,* 20 Ill. 181; *Town of Lewiston* v. *Proctor,* 27 Ill. 414; *City of Peoria* v. *Johnston,* 56 Ill. 45; Elliott on Roads and Streets [2d Ed.], § 873.)"

Upon this subject authority might be multiplied. The record clearly discloses an intention on the

part of the highway authorities in establishing the new way to abandon the old one.

We hold that the change of location of the road, having been consummated, operated as a substitution of the new for the old way and an abandonment of the old way, and the land in the old way, to the center thereof, reverted to defendants freed from all easement for highway purposes.

The decree in the circuit is affirmed, with costs to defendants.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.