(No. 23456.—

R. L. DICKISON, Commissioner of Highways, Appellee, *vs.*
JOHN CLARK *et al.*—(HAZEL E. KIMBLE, Appellant.)

*Opinion filed April 24, 1936.*

CHESTER F. BARNETT, and HENRY E. PRATT, for appellant.

HERGET & HOFFMAN, (HARRY B. HOFFMAN, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

R. L. Dickison, commissioner of highways of Medina township in Peoria county, (hereafter called the plaintiff,) filed in the county court of Peoria county, a petition to acquire, by condemnation, land for a right of way for a public highway across certain farms in Medina township, including those of John Clark and Hazel E. Kimble. These two owners filed objections and Hazel E. Kimble filed a motion to dismiss the petition. Evidence was heard upon the latter motion and it was overruled. Thereafter, there was a trial before a jury in the county court. The objectors offered evidence in support of their objections and the plaintiff offered evidence in support of the petition. A final judgment was entered fixing the compensation to be paid the defendant Kimble for her land taken and for damages to her land not taken. From the final judgment of the court and the order overruling the motion to dismiss the petition Hazel E. Kimble appealed to this court.

The right of way of a proposed width of sixty feet, sought to be laid out by the commissioner of highways, is designated to commence in the center of State Bond Issue Route No. 88 near the southeast corner of section 18 in Medina township. From that point the highway will extend in a northeasterly direction following the line of a survey theretofore filed in the office of the recorder of Peoria county. It will intersect another highway at a point near the northeast corner of the northwest quarter of the northwest quarter of the southwest quarter of section 16,

in the same township. The highway to which the proposed road will extend is known as the Old Bristol Hollow Road and also as State Aid Road No. 25. The latter road extends in an easterly and westerly direction, with some deviations, along the center line of sections 15, 16, 17 and 18 to State Aid Road No. 16, a highway extending north and south, and thence on easterly to State Bond Issue Route No. 29, which extends northerly and southerly. The lands of Clark and of appellant Kimble are in section 17, with another farm between their lands. The existing highway is adjacent to these farms on the north and the proposed highway will pass through them somewhat diagonally.

Objections were filed in support of the motion to dismiss the petition. The appellant contends that the proceeding by the highway commissioner was one to acquire land for the re-location of a State Aid road, and that he had no authority to exercise the right of eminent domain for that purpose, but that even if he has such right, the evidence discloses that the highway commissioner grossly abused his discretion in laying out the proposed new road. The plaintiff contends that in laying out the road he merely exercised his statutory right to establish a township highway and that he complied with all the statutory requirements in so doing. The sufficiency of the petition and the regularity of the proceeding to acquire the right of way are not questioned, if, under the facts shown, the authority of the commissioner of highways to institute such a proceeding, exists.

A petition signed by nineteen legal voters addressed to the commissioner of highways in Medina township requested him to lay out the proposed road described as "following the center line of survey as shown by the plat recorded in Plat Book O, pages 66 and 70 in the Recorder's office of Peoria county." Pursuant to that petition the commissioner of highways filed the petition in question in the name of Medina township for the laying out of a township road. It did not purport to be for the re-location of

a State Aid road. The only reference to a State Aid road was to two plats, in which it was stated that the route was to follow "the center line of survey, Section 18, M.F.T. State Aid Route 25, Peoria county." It was stipulated that the plats referred to appearing in the plat book mentioned are the same as the blue-print of the plats attached to the petition as exhibits. Leave was given counsel for the plaintiff to strike from each of the exhibits the words last above quoted. It appears that the plats and survey had been prepared in January, 1934, for some prior proceeding which had not been completed when the petition for the proposed road here was filed. An objection was interposed to the competency of the plats. It was immaterial that a previous survey was used in the present proceeding, or that it contained a designation which might not be appropriate in this proceeding. The survey was all that was essential, and the making of a new one, when one already existed, would have been but idle work and was not required. (*Hankins* v. *Calloway,* 88 Ill. 155.) As was stated by the trial court when passing upon the objection, the statement that the road described on the plats is a State Aid road would not, so far as the present proceeding is concerned, make it a State Aid road. The location or route of the proposed new road was not such that it necessarily would be designated as a re-location of a part of State Aid Route No. 25. The new road was to commence in the southeast part of section 18 and connect with existing roads at that point. It extended northeasterly and did not reach State Aid Route No. 25 in section 17, but in the western part of section 16. State Aid Route No. 25, or Old Bristol Hollow Road, passed through the west side of section 17, which is a half-mile north of the point of beginning of the new road. State Aid Route No. 25 extends easterly and westerly, with some deviations. There was a resolution by the board of supervisors of Peoria county in March, 1935, adopting a report of its committee on roads and

bridges recommending the re-location of a part of State Aid Route No. 25, using the same surveyed line of the route as that for the proposed new highway. That resolution was brought to the attention of the chief highway engineer of the State Highway Commission and his decision was that because the proposed new location was not an existing public highway it could not be approved as a State Aid road until after it had been opened by the township. That decision was in accordance with the statute. The adoption of the foregoing resolution and the decision by the chief engineer of the State Highway Commission was subsequent to the decision of the highway commissioner in the present proceeding to lay out the proposed road.

Under the common law the construction and control of roads was in the local authorities. Where a road did not extend beyond the limits of one township it was deemed a township road. (1 Elliott on Roads and Streets, (3d ed.) sec. 11.) In this State the authority and procedure for laying out roads is statutory. The act on Roads and Bridges authorizes the commissioner of highways in each town or road district to lay out, alter, widen or vacate roads. (Ill. State Bar Stat. 1935, par. 56, p. 2731; Smith's Stat. 1935, par. 56, p. 2790.) The procedure for laying out township roads is prescribed by paragraphs 82, 84, 85, 86, 87, 98 and 99 of the same act. (Ill. State Bar Stat. 1935, pp. 2737, 2738, 2739; Smith's Stat. 1935, pars. 81, 83 to 86, 97 and 98, pp. 2797 to 2800.) These various provisions appear to have been followed in laying out the road in question. An entirely different procedure would have been required if the proceeding had been one to re-locate a State Aid road. State Aid roads are those constructed, repaired or improved at the joint expense of the State and any county or counties within the State, as specified in the Road and Bridge act. Joint action of the State Highway Commission and the board of county commissioners or supervisors is required. (Ill. State Bar Stat. 1935, chap. 121, pars. 1 (b),

9, 19, 200 and 210, pp. 2718, 2720, 2722, 2772; Smith's Stat. 1935, chap. 121, pp. 2777, 2779, 2781, 2842, 2845.) The authority of the commissioner of highways to construct the proposed road as a township highway was not affected by the fact that in other proceedings the same route as that proposed here may have been referred to as a State Aid route.

The appellant contends that the taking and damaging of the land was unnecessary and arbitrary. One witness for the objector, Arthur R. Ruse, testified that in his opinion there would be no greater expense in building the road along the half-section line, where the present State Aid road is located, than along the proposed route. Edward Schaffer, another witness, was of the opinion that a larger bridge would be required for the crossing of a creek where the new road is proposed to be located than would be required on the existing road; that the road is more level along the road on the half-section line than it is along the proposed new road, and that there are more ditches along the latter route.

The commissioner of highways denied a petition for the improvement of the Old Bristol Hollow Road because, after hearing evidence for and against it, he found the cost of improving it would be unreasonable in view of the number of people to be served by the road. He found that the proposed road would serve more persons and better meet the needs of the community than would the improvement of the Old Bristol Hollow Road. All of this was before the county court.

The evidence does not show that the commissioner of highways abused his discretion in the institution of the condemnation proceeding in the present case. Such authorities are given a broad discretion in matters of this kind. The court will not interfere with the decision of the proper authorities in proceedings of this kind, unless there has been a clear abuse of power. (*Department of Public Works and*

*Buildings* v. *McCaughey,* 332 Ill. 416.) There appears to have been a substantial compliance with the statute in laying out the road in question. That is all that is required. *Hine* v. *Roberts,* 309 Ill. 439; *McDonald* v. *Road District,* 292 id. 386.

The judgment and order of the county court are affirmed.

*Judgment and order affirmed.*