## DAVISON v. CAMPBELL ET AL.

[No. 4,202.    Filed April 25, 1902.]

DRAINS.—*Repair.*—*Township Trustee.*—*Assessment.*—Under §§5637, 5638: Burns 1901, requiring a landowner to make repairs on his allotment of a public ditch within a specified time after notice thereof, a landowner cannot avoid the payment of an assessment for the cost of the repairs thereof made by the township trustee, after the expiration of the time given in the notice, because of a promise made by the trustee to permit the landowner to make the repairs after the expiration of the time specified in the notice.

From Delaware Circuit Court; *J. G. Leffler*, Judge.

Suit by John B. Davison against William Campbell, township trustee, and others to cancel an assessment for the repairs of a public ditch. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*G. H. Koons*, for appellant.
*W. W. Orr* and *F. W. Stradling*, for appellees.

HENLEY, J.—This was an action commenced by appellant against appellees, in which it is sought to cancel and set aside and have declared void an assessment for repairs of a public ditch, and asking that the collection of the assessment be perpetually enjoined, and that the title to the real estate be quieted against the lien of the said assessment.

The complaint is in three paragraphs. The case was tried by the court, and a special finding of facts made, and conclusions of law stated thereon. To the conclusions of law, and each of them, the appellant at the time excepted, and out of this exception arises the only question presented to this court. The court found the facts to be substantially as follows: That appellant is the owner of the fee simple title to the real estate described in this complaint; that the appellee, Wm. Campbell, was, during all the time covered by the facts out of which this action grew, the trustee of Hamilton township, Delaware county, Indiana, in which township appel-

lant's land was situated; that the appellee, Chas. Koontz, was, during all said time, county treasurer of said county and State; that a public ditch, known as O. P. Bowers ditch, had been by law constructed through appellant's said land, and had been duly allotted for repairs by the county surveyor of said county; that 1,000 feet of said ditch had been duly allotted to appellant for repairing and cleaning; that said Campbell, as said trustee of said township, did, during the month of July, 1899, fix the time within which each allotment of said ditch for repairs should be completed by the person whose duty it was to perform the same, such time for completion, in each instance, being fixed between the first days of August and November of said year, and that proper notices were given to the interested parties; that the appellant employed a competent and experienced ditcher to clean out and repair the allotment of said ditch which it was his duty to clean out and repair, and that the person employed by appellant proceeded to clean out and repair said ditch, and, after the work had been completed, appellant called upon said trustee to inspect the work so done and accept the same; that said trustee examined said allotment, and failed and refused to accept the same, as completed according to the specifications provided therefor, and thereupon said trustee notified appellant in writing that the work was not done according to specifications furnished therefor, and specifically stating in what way the work was deficient; that said trustee failed to cause the allotment below that of the appellant to be repaired from October 1, 1899, until April 3, 1900, thereby causing the dirt and debris from above appellant's allotment to be washed into it and held back therein, and causing the lower end of appellant's said allotment to become filled with dirt to a depth of about fourteen inches; that appellant's employes, who had done the work of cleaning out the said allotment, desired to receive their pay therefor; that appellant applied to the trustee, soliciting

him to inspect the allotment, and he was again informed that the same would not be accepted until the allotment below appellant's had been completed, but that, if appellant desired to do so, he could pay his said employes for the performance of the work, and that as soon as the allotments below appellant's were completed the appellant's employes might complete appellant's said allotment; that afterwards, on the 3rd day of April, 1900, appellant notified the said trustee in writing to proceed, as required by law, and repair the allotments below that of the appellant, and between his allotment and the outlet of the ditch, and that thereupon said trustee proceeded to clean out and repair said allotments below and up to that of the appellant; that appellant sent his employes to said allotment, prepared to complete the same on the day before the allotments were brought up to his said allotment, and ascertained that, with the force which said trustee had at work repairing below him, they would not reach his said allotment before noon of the following day; that the said trustee was informed by his employes that the appellant's employes had been there for the purpose of doing the work upon appellant's allotment, and before appellant's employes arrived the next day to complete the said appellant's allotment, the employes of said trustee had finished the work of the allotments below that of the appellant, and had also completed the work necessary upon the allotment of the appellant, and that said work of recleaning appellant's allotment according to the plans as prepared by the county surveyor was done by said trustee, who incurred expenses to the amount of $36.50 in doing said work; that the services so rendered were necessary, and were reasonably worth said sum, and such amount was, by the trustee, duly certified to the auditor of said county, who placed the same on the proper tax duplicate, which said tax duplicate was, at the time of the commencement of this action, in the hands of the appellee Koontz, as treasurer of said county; that said amount of costs incurred by said trus-

, Davison *v.* Campbell.

tee in cleaning out appellant's allotment, and placed upon the tax duplicate as aforesaid, has never been paid; that appellant did not fully clean out and repair his said allotment, or cause the same to be done, at any time to the acceptance of the said trustee; nor did he fully clean out and repair his said allotment or cause the same to be done according to the specifications furnished therefor.

The court's conclusions of law stated upon the facts were as follows:   (1) That it was the duty of said trustee to employ laborers to repair plaintiff's allotment of said ditch, and to incur necessary costs and expenses in so doing, including the pay of laborers and of the surveyor or civil engineer and his own *per diem,* as such trustee, and certify the same to the county auditor for collection by the county treasurer, as other taxes are collected, and that the aggregate sum so certified by him is the reasonable and proper costs thereof incurred by him as such trustee; (2) that such costs and expenses are a lien upon plaintiff's said land and are unpaid; (3) that the plaintiff is not entitled to the relief prayed for in his complaint, or to any other relief, in this action.

It seems to us that appellant in this case is without remedy.   The manner of keeping a public ditch in repair is fully specified by statute.   See, §§5637, 5638 Burns 1894. The repairs must be made between the first days of August and November of each year.   Notice must be given to the landowner prior to the first of August.   The notice fixes the time within which the work must be completed.. If the work is not done within the time fixed in the notice, it is made the duty of the trustee to proceed to complete such work and certify the cost thereof, including his own *per diem,* to the auditor of the county, who must place the same upon the tax duplicate, as other taxes, to be collected.   The whole trouble, we think, grows out of the fact that appellant never finished his allotment.   It was never accepted by the trustee.   Appellant asked the trustee to accept the allotment before the time for its completion had expired.   The

trustee refused to do this, and specifically pointed out to appellant the defects in the work. This all occurred before the alleged acts of bad faith upon the part of the trustee. The finding of the court that the amount of the cost of the work, which was certified against appellant, is correct; that no part of it had been paid; and the further finding that the appellant never did, at any time, clean out and repair his allotment to the acceptance of the township trustee, neither did he clean out and repair his said allotment, nor cause the same to be done at any time according to the specifications therefor, is, we think, amply sufficient upon which the court's conclusions of law could rest.

The facts found make the cost of the repairs a just and legal claim against appellant's land. When the appellant failed to complete the work within the time specified, it became the duty of the trustee to complete it. The work was actually done by the trustee. Its value is found by the court to be the amount certified against appellant. The bad faith of the trustee in agreeing with appellant that he would permit appellant to perform a duty which the law placed upon the trustee can not affect the validity of the claim. Appellant may not be without a remedy against the trustee upon the facts found, but the facts certainly would not authorize the court to relieve appellant from the payment of the cost of repairing his allotment. We find no error.

Judgment affirmed.