# NORTH LARAMIE LAND CO. v. HOFFMAN, ET AL.
(No. 967, October 18, 1923; 219 Pac. 561)

PUBLIC ROADS—PROCEEDINGS TO ESTABLISH—COLLATERAL ATTACK—PROCEEDINGS IN ERROR FOR REVIEW—INJUNCTION—DIRECT ATTACK—MANDATORY PROVISIONS—JURISDICTIONAL DEFECTS—PETITION FOR ROAD ESTABLISHMENT—EVIDENCE ALIUNDE—SIGNATURES TO ROAD PETITION—JURISDICTION—OBJECTIONS TO ROAD ESTABLISHMENT—IRREGULARITIES—PRESUMPTIONS—RECORD OF PROCEEDINGS—VIEWER'S REPORT—DUE PROCESS OF LAW—PRESENTMENT OF CLAIMS—APPRAISER'S MEETING.

1. An action to restrain the use or occupation of lands for a public road established by an order of the board of county commissioners is a collateral attack on such order.

2. Comp. Stats. 1920, Sec. 6370 having provided a method for reviewing proceedings of boards of county commissioners in the establishment of public roads by proceedings in error, a bill will not lie to restrain action under such proceedings, unless special equitable reasons exist, as for in-

stance, where evidence aliunde is necessary to establish plaintiff's case which is not available in a proceeding for review.

3. A bill in equity even though considered a direct attack upon an order or judgment of an inferior tribunal does not take the place of a proceeding in error.

4. There must be certain definite grounds, such as want of jurisdiction or fraud, accident, mistake or other circumstances peculiarly within the cognizance of equity to justify a resort to equity to set aside a judgment of a judicial or quasi-judicial tribunal.

5. Errors and irregularities cannot be reached in a strictly collateral attack, nor by a bill in equity not specially provided by statute for the purpose of review.

6. Only such provisions as are enacted for the special benefit of interested parties, should be construed as mandatory and jurisdictional, in proceedings by county commissioners for the establishment of public roads.

7. A bill brought for the purpose of setting aside a judgment for want of jurisdiction is called a direct proceeding, when no other remedy exists.

8. Upon an issue as to whether a petition filed for the establishment of a public road described therein, with but one signature, and another paper signed by ten persons waiving damages and donating rights of way for the same road, but bearing no file mark, were circulated at the same time and intended as one instrument, an affirmative finding by the trial court upon evidence, will not be disturbed.

9. Evidence aliunde identifying separate papers as parts of one document, even though incidentally involving a jurisdictional fact, held under the circumstances to be admissible.

10. It is immaterial where a document is signed, although the place of the signature may be an important circumstance in showing that the person whose signature appears therein at an irregular place, is not the party who in fact executed it.

11. If a tribunal of limited jurisdiction, has general jurisdiction of the subject-matter, and the record discloses the facts necessary to call the jurisdiction of such tribunal over the particular case in to action, then, in a collateral attack, the same presumption exists that such tribunal has acted legally and properly and had jurisdiction to

proceed and make the final order, as exists in the case of courts of general and superior jurisdiction.

12. Where a petition is required to be filed in a cause, the filing of one that is sufficient, legal notice of the proceedings being given, confers jurisdiction and sets in motion the power of the tribunal to hear and determine the cause.

13. A petition with ten or more signatures, for the establishment of a public road, in the form prescribed by Comp. Stats. 1920, Section 2988, is sufficient without showing upon its face that the signers are qualified electors, residing within fifteen miles of the proposed road.

14. Provisions of the road law for the filing of objections after notice of a petition for the establishment of a public road, such petition and objections, if any, to be passed upon by the county commissioners, held to indicate an intention that the board should decide whether a sufficient number of qualified persons have signed the petition.

15. Requirements which set the power of a court or tribunal in motion, are strictly jurisdictional and without them the proceedings are a nullity; but other requirements, in the nature of conditions precedent within the power of a court or tribunal to adjudicate, are quasi-judicial.

16. Jurisdiction of an application for the establishment of a public road having attached by the filing of a petition in statutory form, and the giving of notice as required by law, the County Board is presumed to have decided correctly the existence of all facts authorizing it to proceed to a final determination of the matter, and such facts need not appear on the face of the record.

17. A petition under Comp. Stats. 1920, Sec. 2988 for the establishment of a public road omitting names and addresses of three persons through whose lands the road runs, is an irregularity and not a jurisdictional objection available to a land owner named therein.

18. The appointment of a road viewer by the chairman of the Board of County Commissioners, under Comp. Stats. 1920 Sec. 2990, without a showing of emergency, is not a jurisdictional defect.

19. A viewer's report that a proposed road would be beneficial to many people, containing an estimate of its cost and recommending its establishment, held sufficient under Comp. Stats. 1920, Sec. 2993.

20. Comp. Stats. 1920, Secs. 2979, 2996, 2998, 3001-3003, 3008-3010 relating to the establishment of public roads, held, to satisfy the requirements of due process of law.

21. It is not necessary, in order to constitute due process of law, that a property owner be notified of every step taken in proceedings for the establishment of a public road, provided, that at some stage thereof, he is given a full opportunity to present his case to an impartial tribunal.

22. A statute requiring the presentment of claims for property taken under eminent domain, within a given time after notice, as a condition precedent to an owner's right to compensation, is not in conflict with Art. 1, Sec. 33 of the Constitution, providing that private property shall not be taken or damaged for public or private use, without just compensation.

23. Failure of appraisers appointed in proceedings for the establishment of a public road, to meet at the time designated by the board, is immaterial as to one failing to file his claim for damages in time.

ERROR to the District Court, Platte County; WILLIAM C. MENTZER, Judge.

Action by the North Laramie Land Company as plaintiff, against the Board of County Commissioners of Platte County as defendants, to restrain proceedings of defendant in the location and establishment of a public road, running through and taking part of plaintiff's land. From a judgment for defendant, plaintiff brings error. Other material facts are stated in the opinion.

*Pam & Hurd* and *M. A. Kline* for plaintiff in error.

*Burrell J. Cramer* of counsel.

The filing of a proper petition for the establishment of a road is necessary to confer jurisdiction upon the County Board to act. Toledo Ry. Co. v. Detroit L. & R. Co. 29 N. W. 500 (Mich.); In re Rochester Elect. Ry. Co. (N. Y.) 25 N. E. 381; Lesieur v. Custer County, (Neb.) 85 N. W. 892; In re Montgomery, 48 Fed. Rep. 895; Smith v. C. & N. W. Ry. Co., 105 Ill. 511; Clay v. Imprv. Co., 34 Mich. 204; 22 Wyo. 401; 143 Pac. 356; Sec. 1 Chap. 73 Wyo. Ses-

sion Laws 1913, page 68. The Board cannot contend that
mandates of statute are not essential. Anderson v. Pember-
ton, 1 S. W. 216. Acts of the Board can only be proven by
its record. Brooks v. Morgan, 76 N. E. 331. Defective pro-
ceedings cannot be cured by evidence aliunde. Parker v.
Ry. Co., 19 S. W. 518. Record recitals cannot cure juris-
dictional defects. Welsford v. Weidlein, 23 Kans. 426. The
proceedings are a direct attack. Crawford v. McDonald,
33 S. W. 325. Absence of jurisdictional facts nullifies the
proceedings of the Board. Oliphant v. Com'rs., 18 Kans.
386. The road petition did not contain a list of names as
required by statute. Laws 1913 see Chap. 873. The word
"shall" is mandatory and excludes discretion. Mau v.
Stoner, 14 Wyo. 183; K. C. Ry. Co. v. Davis, 197 Mo. 669;
95 S. W. 881; City v. Board, 135 Ia. 27, 112 N. W. 167. The
Road Act, Secs. 2530-2531 conflicts with the State and Fed-
eral Constitutions with respect to due process of law. Art.
1 Sec. 6 Const. Wyo. Art. 14 Sec. 1 Const. U. S. Condem-
nation proceedings are adversary. Seifert v. Brooks 34
Wis. 443, and as such require notice and opportunity for
hearing. Sec. 2531 fails to so provide and is void. Sterritt
v. Young, 14 Wyo. 162; 82 Pac. 946; Board v. Aldrege, 73
Pac. 1104; Stuart v. Palmer, 74 N. Y. 183; Catch v. City,
63 Ia. 718; Sav. Ry. Co. v. Mayor, 23 S. E. 847. The owner
is entitled to a hearing at each stage of the proceeding. Ed-
wards v. Cheyenne (Wyo.) 114 Pac. 677; McGarvey v.
Swan, 17 Wyo. 133, 96 Pac. 697; In re Bench Canal, 24
Wyo. 143, 156 Pac. 610. The appointment of a viewer was
unlawful. 2518 C. S. his report did not comply with law
2531 C. S.; In re Grove Street, 61 Cal. 438. It was the
duty of the Board to pay for land taken whether claim was
made or not. Kime v. County, 71 Neb. 677, 101 N. W. 2.
Yazoo Board v. Daney, 65 Miss. 335; Kinkaid v. Seattle,
134 Pac. 504; Kanne v. Ry. Co. (Minn.) 23 N. W. 854.
The Board sat as a judicial body. Goerke v. Town, 139
Pac. 1049; Phillips v. Brill, 17 Wyo. 26; Sec. 1170 C. S.
has no application; the Board sitting to pass on claim, acts

in a ministerial capacity.  Converse County v. County, 53
So. 196; Mobile Co. v. Williams, 61 So. 963; Albert v.
Board, 161 Pac. 521; State v. Diemer, 164 S. W. 517; State
v. Goldsmith, 50 So. 394.  When hearing matters pertain-
ing to the opening of roads, the Board acts judicially.
Foerke v. Town, supra.  The claim for damages was suffi-
cient.  City v. Grand Rapids Co., 45 N. E. 793; Dallas Co.
v. Day, 22 S. W. 538.  Failure of appraisers to meet upon
the day fixed destroyed the Board's jurisdiction.  M. K.
& C. Co. v. Town, 26 Kans. 503; State v. Mayor, 9 Atl.
781.  Compensation for land taken shall be paid in cash,
other damages may be compensated by benefits.  Art. 1,
Sec. 33 Const.; Ginn v. Dist., 188 Ill. 305; Hays v. Co., 54
Ill. 573; Omaha v. Co., 46 N. W. 919; Carson v. Coleman,
11 N. J. E. 106; State v. Ry. Co., 37 Atl. 614..  The Board
was without jurisdiction for non-compliance with Laws
1913, Chap. 73.  The petition is jurisdictional.  Toledo
Ry. Co. v. Co., 29 N. W. 500; In re Co. 25 N. E. 381; Le-
sieur v. County, 85 N. W. 892; In re Montgomery, 48 Fed.
895; Smith v. Ry. Co., 105 Ill. 511; Clay v. Co., 34 Mich.
204; Edwards v. Cheyenne, 143 Pac. 356.  Provisions of
the statute are mandatory.  Anderson v. Pemberton, 1 S.
W. 216.  The petition was not signed; the waiver which was
signed was not intended as an adversary proceeding.  2535
C. S.  The rule in 36 Cyc. 449 does not apply; the waiver
was not a part of the petition when it was signed; it was
not operative for the reason that some land owners object-
ed, and thereupon a different procedure was attempted un-
der a different statute, without proper notice.  Edwards v.
Cheyenne, supra; McGarvey v. Swan, supra; In re Bench
Canal, supra.  The Board's proceedings constituted the
taking of property without due process of law, and without
just compensation.  Stuart v. Palmer, supra.  No justifica-
tion of emergency existed as provided by 2518 C. S.  The
viewer's report was insufficient.  In re Grove Street, supra.
Failure to make a claim is not a waiver of damages.  Deber
v. Ry. Co., 29 Minn. 256, Kime v. County, 71 Neb. 677.

Plaintiff received no compensation; the value of land taken must be paid in cash. Hays v. Ry. Co., 54 Ill. 373; Omaha v. Co., supra. Damages for taking land cannot be compensated by alleged benefits. State v. Ry. Co., 37 Atl. 614.

*Kinkead, Ellery & Henderson* for defendants in error. *Fred A. Lynch* of counsel.

This action is a collateral attack upon the proceedings of the Board of County Commissioners in the establishment of a public road. There are but two propositions involved in the case.

1. The Road Act is not in conflict with the State or Federal Constitution.

2. The proceedings of the Board were in compliance with law and are not subject to collateral attack.

The Road Law differs from the law considered in Sterritt v. Young, 14 Wyo. 162, 82 Pac. 946. The Road Law provides for due process of law. Buckwaller v. School Dist. 65 Kans. 603; 70 Pac. 607. Under it, the jurisdiction of County Commissioners is exclusive. Kelley v. Com'rs., 24 Wyo. 386, 159 Pac. 1086. Procedure is prescribed by statute; Chap. 168 C. S. 1910. The Board acts in a judicial capacity; the law in its general provisions has been followed in the establishment of public roads for almost thirty years; a fact that should be persuasive in considering its validity. Slidell v. Grandjean, 111 U. S. 421. It will be upheld unless its unconstitutionality appears beyond a reasonable doubt. Farm Inv. Co. v. Carpenter, 9 Wyo. 110. The notice provided constituted due process of law. 12 C. J. 1229. This action is a collateral attack. Burke v. Ass'n., 64 Pac. 879, 25 Mont. 315; Black's Judgts. 253. The statute provides for an appeal from damages allowed. Any other method is direct attack. Kalb v. Society, 25 Wash. 349; 65 Pac. 559; Spencer v. Spencer, 51 Ind. App. 321, 67 N. E. 1018, 13 R. C. L. 55; Terre Haute v. Beach, 96 Ind. 143; Brown v. Jackson, 7 Wheat. 218; Foley v. Harrison, 15 How. 443; Smiley v. Sampson, 1 Neb. 70; Kuhn v. Port

Townsend, 29 L. R. A. 445; Willis v. Sproule, 13 Kans. 194; Stoddard v. Johnson, 75 Ind. 20; Million v. Board, 89 Ind. 5. Plaintiff is estopped from alleging the sufficiency of the petition; the Board acted upon a petition which it held to be sufficient and its judgment thereon cannot be collaterally attacked. Elliott R. & S. 219; Board v. Justice, 133 Ind. 86, 36 Am. St. Rep. 529; State ex rel, Sup. Ct. (Wash.) 91 Pac. 241; C. & A. Ry. Co. v. Sutton, 30 N. E. 291. The proceedings of the Board must be presumed to be regular and not subject to indirect attack. State v. Joyce, 131 N. C. 610; 28 S. E. 689; Mitchell v. Ry. Co. (Mo.) 39 S. W. 790; Kelly v. State (Tex.) 80 S. W. 382; State v. Schenkel (Mo.) 108 S. W. 635; Henkamer v. County Com'r. (Tex.) 154 S. W. 622; Crescent Twp. v. Ry. Co., 210 Pa. 334; 59 Atl. 1103; Central Ry. Co. v. Mayor, 73 J. N. L. 625; Bryant v. Town, 68 N. H. 483, 39 Atl. 431; Board v. State, (Ind.) 132 N. E. 680; Yankton County v. Klemich, 11 S. D. 170; 76 N. W. 312. The record shows the petition to have been signed by at least ten qualified electors of the County; the appraisers met and qualified on the day assigned for meeting; plaintiff did not file a claim for damages at the time fixed in the published notice; the allegation of damage in its petition filed in District Court is insufficient to invoke the jurisdiction of that court; plaintiff's action is apparently based on the sole contention that the Road Law is invalid; it was plaintiff's duty to avail itself of the process of law provided for its protection. Seifield v. Bohne (Mo.) 69 S. W. 1051; Crescent Twp. v. Ry. Co., 210 Pac. 334, 59 Atl. 1103. Plaintiff having failed to take advantage of the statute for his own protection cannot now complain; it made default; it admits having received notice and purposely refused to file its objections or make its claim for damages within the time required by statute, while at the same time it was contemptuous of the authority and orders of the Board.

*M. A. Kline, Pam & Hurd,* and *Burrell J. Cramer* in reply.

· A direct attack upon a judgment is an attempt to amend, correct, reform, vacate or enjoin the execution of it. Crawford v. McDonald, supra; Bushe v. Ass'n. cited by defendants; a careful analysis of the cases cited by defendants in error will show that they differ upon facts from the case at bar; an immunity from collateral attack exists only so long as tribunals act within their jurisdiction. 13 R. C. L. 55. The immunity does not extend to void judgments. The Washington case of Pagett v. Court, 91 Pac. 241 cited by defendants in error turned upon the peculiar provisions of a statute, and the Missouri case of Mitchell v. Ry. Co. was governed by a stipulation made at the trial that all judicial steps were duly taken; like qualifications and exceptions may be found in practically all of the cases cited in the brief of defendants in error on this branch of the case. The Indiana case of Board v. Justice was to the effect that where no provisions had been made by statute, for notice at some state of the proceedings or for an appeal, the remedy by injunction would be open; where a remedy is available at law, resort cannot be had to equity. Smith v. Morrill, 55 Pac. 24. A judgment rendered without jurisdiction may be enjoined. Waite v. Ellis, 8 O. Dec. 51; Kingsborough v. Tousley, 56 O. S. 450.

BLUME, Justice.

This is an action brought by the North Laramie Land Company, plaintiff below and plaintiff in error here, against the Board of County Commissioners of Platte County, defendant below and defendant in error here, claiming the illegality of the establishment of a certain road running through and taking part of plaintiff's land. The petition, after setting forth most of the proceedings of said board, prays that said defendant "be perpetually restrained from taking any further proceedings or doing acts with respect to locating said proposed road," and "from confiscating or appropriating any of the rights, properties and lands of the plaintiff for the purpose of using same for a public road or highway as contemplated, or for any other unlawful pur-

pose, and for such other relief as may seem to the court equitable.'' The case has heretofore been heard on motions to dismiss (26 Wyo. 327, 184 Pac. 226; 27 Wyo. 271, 195 Pac. 988, 28 Wyo. 183, 201 Pac. 1022) and is now up for disposition on its merits.

1.  Counsel for plaintiff contend that this is a direct attack on the order of the board establishing the road, while counsel for defendant contend that this is a collateral attack thereon.  We think the point is controlled by the case of Edwards v. City of Cheyenne, 19 Wyo. 110, 148, 114 Pac. 677; 122 Pac. 900, wherein the plaintiff sought to have condemnation proceedings adjudged void and to have the defendants enjoined from occupying and claiming the land taken therein, and it was held that the attack was collateral.  In that case the prayer of the petition was much broader than that in the case at bar.  In the case of Clark v. Drainage Commissioner, 50 Mich. 619 16 N. W. 167 the plaintiff brought a suit in equity for anullment of proceedings establishing a drain and enjoining the collection of a tax, and the attack was considered collateral.  In the case of Jarrell v. Cole, 215 Fed. 315, 131 C. C. A. 589, L. R. A. 1916 E 298, the plaintiff sought, among other things, the anullment of proceedings of a court disposing of certain property, and the attack was considered collateral.  Nichols, on Eminent Domain, 2, Sec. 425, page 1122, says:

''So also, when land has been taken by eminent domain by a tribunal having jurisdiction over the person of the owner and the subject matter of the taking, the owner cannot resist the proceeding or prevent the occupation of his land by a bill in equity   *   *   *   upon such grounds as the inadequacy of the petition, irregularities in the proceedings,'' etc.

In one jurisdiction, at least, every proceeding attacking a judgment of a tribunal, not by way of appeal or proceeding in error or to vacate it as provided by statute, is con-

sidered a collateral attack. Johnson v. Carroll, 190 Ky. 689, 228 S. W. 412 and cases cited. The plaintiff in this case did not avail itself of the proceedings in error which are provided by Section 6370 of the W. C. S. 1920, and it seems to be held quite generally that where such proceedings are not taken, a bill in equity will not lie, unless special equitable reasons exist, as for instance, that to establish plaintiff's case, evidence aliunde is necessary, which is not available to him in a proceeding for review. 23 Cyc. 978 *et seq.*, 1012. In this case plaintiff apparently relied upon no evidence except that furnished by the record itself, and no allegation was made in the petition that evidence aliunde was necessary to its case. It may, therefore, be doubted whether it pursued the proper remedy herein. We need not, however decide that point.

. Without investigating the question carefully, it would seem that the point whether this is considered a collateral or a direct attack is of no particular importance herein, or at least not of the degree of importance which seems to be attributed to it by counsel. A bill in equity, even though considered a direct attack, does not take the place of a proceeding in error. We know of no case, and none has been cited, holding that all of the same errors can be set up as grounds of complaint in the former which may be grounds for reversal in the latter. There must be certain, definite grounds for setting aside a judgment of a tribunal, such as want of jurisdiction, or fraud, accident, mistake, or other circumstances peculiarly within the cognizance of equity, which authorizes resort to a bill in equity to set aside a judgment of a court or judicial or quasi-judicial tribunal. 23 Cyc. 977, 978, 993. Errors and irregularities cannot be reached in a strictly collateral attack nor by any bill in equity not specially provided by statute for the purpose of review. 23 Cyc. 1002, 1090, *et seq.*

What is an error or irregularity as distinguished from an illegality, a mandatory or jurisdictional requirement, is not always easy to determine. It depends somewhat on the

importance which is by statute attached to a particular step in the whole scheme of procedure.   Generally speaking, provisions only which are enacted for the special benefit of interested parties should, in a proceeding of this kind, be construed as mandatory and jurisdictional.   Nichols on Eminent Domain, 2, Sec. 425.   See also Bunten v. Rock Springs Grazing Ass'n., 29 Wyo. 461, 215 Pac. 244, 255, where this was pointed out in connection with the power of taxation.

Again speaking generally, want of jurisdiction may be set up in a bill in equity brought for the purpose of setting aside a judgment on that ground, or it may be raised in a strictly collateral attack.   23 Cyc. 993, 1073.   So that if no equitable grounds, such as fraud, accident, mistake or the like exist, relief in a bill of equity may be had only for want of jurisdiction and hence it would seem to make little difference whether, under the facts herein, we call this action a direct or collateral attack.

There are cases which consider a proceeding similar to this a direct attack.   Williams v. Routt County, 37 Colo. 55, 84 Pac. 1109; Johnson v. Town of Clontarf, 98 Minn. 281; 108 N. W. 521; Follette v. Pacific Light & Power Corp. (Cal.) 208 Pac. 295, 299; 23 A. L. R. 965; Jordan v. Jordan, 145 Tenn. 378, 239 S. W. 423, 425; 23 Cyc. 1065.   In all of the cited cases relief was sought for want of jurisdiction over the person.   It is the law in many states, based upon the old common law rule that the record is a verity, that where the face of the proceedings are regular, and particularly where the record recites that the tribunal has jurisdiction, evidence aliunde is not admissible in a collateral attack to show want of jurisdiction not so disclosed on the face of the record.   For a discussion of this subject see Black on Judgments, §§ 270 to 277.   And it would seem that, in order to relieve the harshness which that rule would sometimes involve, a bill brought for the purpose of setting aside a judgment for want of jurisdiction is sometimes called a direct proceeding, for otherwise no relief on that

ground would in some jurisdictions exist at all. See Jordan v. Jordan, supra. Whether we should call a proceeding like that at bar one that is direct when similar reasons arise is not necessary to be decided herein.

2. Before proceeding to the consideration of any other questions, it may be well briefly to consider the point made that in highway proceedings a petition in accordance with the requirements of the statute, the appointment of a viewer and the report of the viewer are steps that are jurisdictional and must be strictly followed. Our attention has been called to many cases from other states decided under statutes different from ours and which, therefore, do not furnish a precedent. Under many statutes a hearing is had directly upon the petition, after notice has first been given to property holders. Where that is the law, the importance of the petition is apparent. In other states, the proceeding seems to be essentially one initiated by individuals. In this state, under the law as contained in the statutes of 1887 (§§ 3859-3868), the petition, when filed, was required to be accompanied by satisfactory proof of notice given to all interested parties that application to lay out a road would be made to the county commissioners at their regular session; the petitioner was required to notify the viewer and surveyor to meet, and a subsequent notice given by the county commissioners called attention to the filing of the petition. These provisions show that importance was attached to the petition. Some radical changes in the law were subsequently made by Chapter 86 of the Session Laws of 1890 and Chapter 143, Session Laws of 1895. The law as enacted in 1895 is substantially the same as it is now and as it was at the time the road involved in the case at bar was established.

Sections 2988 and 2990, W. C. S. 1920 provide:

"§ 2988. Any person desiring the establishment, vacation or alteration of a public road, shall file in the office of the county clerk of the proper county, a petition signed by ten or more electors of the county residing within fifteen miles of the road proposed to be established, altered or va-

cated, in substance as follows: To the Board of county commissioners of ——— county. The undersigned ask that a public road, commencing at ——— and running thence ——— and terminating at ———, be established (altered or vacated as the case may be.)

With said petition shall be filed a list containing the names and also the known postoffice address of each person owning or having an interest in any land over which the proposed establishment, vacation or alteration of a public road is to be made.''

"§ 2990. Upon the filing of such petition the board of the county commissioners at a regular or special meeting, or the chairman of said board, if in his judgment an emergency exists, shall appoint a suitable and disinterested elector of the county, who may be a member of the board of county commissioners, to examine into the expediency of the proposed road, alteration or vacation thereof, and to report immediately.''

The viewer is required by section 2993 to make his report in writing, stating whether in his judgment the road is practical, whether it shall be established or not, the expense thereof, including the damages and benefits to property owners, ''and such other matters therein as shall enable the said board to act understandingly.'' But the action and report of the viewer is not apparently deemed of importance, for sections 2995 and 3003 provide that the county commissioners may decide to lay out a road ''upon considering and acting upon the report of the viewer, or otherwise.'' The further provisions of the law, too, indicate the right of the board of commissioners, to establish or alter a road independent of any preliminary proceedings. Sec. 2996 provides that the board shall fix a time for filing claims for damages, if the board decides to establish, not the road petitioned for, or recommended by the viewer, but *any* road, and the notice provided to be given refers to no preliminary proceedings whatever, but informs interest-

ed parties that "the board of county commissioners have decided to locate a road." Section 3007 provides in the first part thereof for a road consented to by all and then proceeds:

"* * * The board of the county commissioners, when in their judgment such action shall be in the interests of economy or the public good, may purchase or receive donations or rights of way for a public road, or any alteration thereof, or any part thereof, from any and all persons along the route thereof, and declare the same opened, whenever the consent of the owners of the land through which said proposed road or alteration shall run, has been obtained, either by the donations of land or when an amicable adjustment of the amount to be paid therefor has been made between such land owners and said board; and all roads or parts of roads or alteration of roads heretofore opened or made, by consent or adjustment of damages, without recourse to other proceedings, are hereby declared to be public roads, the same as if such roads had been legally opened, or said alterations legally made."

By this provision, particularly when construed in connection with other provisions hereinabove mentioned, the board apparently may establish any road deemed necessary in its discretion without any preliminary proceedings whatever, except that whenever the land is not given "or an amicable adjustment of the amount to be paid therefor" has not been made, it must proceed to condemnation proceedings as provided by law. Hence it is at least a question whether any preliminary proceedings are, under our law, jurisdictional. The point would be clearer were it not for Section 2999 which provides that if objections or claims for damages are filed, the further hearing *on the application* may be continued." The point has not been argued, and we need not decide it, but sufficient appears to make it clear, that we cannot, in a collateral attack, be asked to give too strict an interpretation to provisions for proceedings

which, though taken, appear to be of minor importance in the establishment and alteration of highways. And, further, what we say hereafter will be said with the distinct understanding that we do not pass upon the question whether the board of county commissioners has or has not power to establish or alter any county roads without any petition previously filed or any preliminary proceedings taken previous to the giving of notice and fixing the time therefor.

3. There is in the record a petition, hereinafter termed the regular petition, in the statutory form, dated March 21, 1917, filed April 4, 1917, signed only by one signer—John Mullin. If this were the only petition filed, then since the face of the record itself shows that the statute has not been complied with in the essential requirement that 10 qualified electors shall sign the petition, the proceedings would be void. Eads v. Kumley, 67 Ind. App. 361, 119 N. E. 219; Bailey on Jurisdiction, Sec. 21; 23 Cyc. 1059. The board of county commissioners could, obviously, not decide that the requisite qualified electors had signed, when the face of the petition itself clearly shows the contrary. There is in the record, however, another paper, herein mentioned as the "waiver," purporting to be signed by ten people, reciting:

"We, the undersigned, being all the owners of land through which the following proposed road will pass, in consideration of the board of the county commissioners of Platte County, declaring the said a county road, do hereby covenant and agree with the said board of the county commissioners of said Platte County, Wyoming, that we will each and all of us waive any and all claims to damages for the land taken for such road, and for moving fences and building fences, and hereby donate to said county a right of way for such road:" (here describing the same road that is described in the regular petition.)

This document itself is not marked filed, but it was contended by defendant on the trial below, that the two sheets of paper were fastened together, as one document, and circulated as together constituting the petition for the road, and that it makes no difference at what place in a document the signature appears.   Evidence was introduced in the trial tending to show the contention to be true.   Counsel for plaintiff claim, first, that the evidence was not admissible, and second, that the contention is not sustained by the evidence.   The testimony in the case shows that the last mentioned paper was circulated beginning with the fall of 1916 to the spring of 1917.   The regular petition is dated March 21, 1917, the date is written in the same ink and handwriting as the remainder of the writing on the paper, indicating that it never came into existence till the day it bears date and that it could not have been in existence at the time when the other paper was circulated.   Other circumstances exist which indicate the truth of this theory.   It is, however, possible, as stated by counsel for defendant, that the date was not inserted until the two papers were returned and filed with the county clerk; that the date was written by the same man who wrote the main body of this document and with the same kind of ink, and that the intervening time is so great, that it would be impossible for us to detect any difference between writings thus made at intervals of approximately six months.   Then, too, the circumstance that the regular petition was marked filed and the waiver not, gives color to the contention of defendant that the two papers were fastened together and circulated as one document.   The trial court heard the witnesses, and we are unable to say that its finding, sustaining the contention of defendant, is not correct.   Nor can we sustain the other contention that the evidence above mentioned was inadmissible.   If the two papers had in fact originally been one sheet, and the paper had been torn in the middle, surely no claim could be made that, in order to *identify* the two pieces as one document, evidence to that effect could not

have been admitted.   Or if, again, the whole, as one document, had been written on a typewriter, the regular petition herein constituting the first sheet, followed by the waiver with all the signatures as the second sheet, and the sheets had in some manner been separated, it could hardly be contended that in such case, in order to *identify* the pieces of the same document, evidence to that effect would not have been admissible.  The situation in the case at bar is similar.  It is, of course, immaterial, where the document is signed (Smith v. Goldsborough, 80 Md. 49, 30 Atl. 574), although the place of the signature might be an important circumstance in showing that the person whose signature appears therein at an irregular place is not the party who in fact executed it.   Counsel treat the testimony offered herein as an attempt to show a jurisdictional fact by evidence aliunde, which they claim cannot be done, and they cite some authority to that effect.   It is true that there are cases so holding. Many authorities, however, hold the contrary.   29 C. J. 468, 470; Brown on Jurisdiction, 105, 132, 139, 140, 144, 193, 266; Black on Judgments, § 282; Banse v. Town of Clarke, 69 Minn. 53; 71 N. W. 819; Ivory v. Town of Deerpark, 116 N. Y. 476, 484; 22 N. E. 1080; Cox v. Comm'rs. of Highways, 194 Ill. 355, 356; 62 N. E. 791; Willis v. Sproule, 13 Kans. 257; Pettis v. Johnston, 78 Ok. 277, 190 Pac. 681.   We need not decide what the rule should be in ordinary cases, but we are clear that the evidence identifying pieces of one document should be held admissible even though incidentally, as here, involving the establishment of a jurisdictional fact.

We are led to the foregoing conclusion the more readily in view of the fact that we are inclined to think that it would not be altogether improper, in a proceeding of this kind, to consider the so-called waiver alone as a sufficient statutory petition.   The statute only requires a description of the proposed road and a request on the part of the signers of the petition that the road be established.   The so-called waiver clearly contains the first requirement.   The

signers state that in consideration of the board declaring
the proposed road a county road, they waive all damages and
donate their land to the county for said road.   They there-
by, we think, at least impliedly ask the board to establish
the road, and if that is true, this document must be held
sufficient on a collateral attack.   The authorities seem to
be unanimous that the petition commencing a proceeding
need not be perfect in every respect.   Van Fleet, supra,
Collateral Attack, Sec. 61 states as follows:

"The rule is this:  *Can it be gathered from the allega-
tions, either directly or inferentially, that the party was
seeking the relief granted, or that he was entitled thereto?*
If it can, the allegations will shield the judgment from col-
lateral assault.   All the cases agree that if the allegations
tend to show, or colorably or inferentially show, each ma-
terial fact necessary to constitute a cause of action, they
will uphold the judgment collaterally."

See also Brown, Jur., Sec. 22, page 120; State v. Kusel,
(Wyo.) 213 Pac. 367; Stoddard v. Johnson, 75 Ind. 20, 29;
Pickering v. State, 106 Ind. 228, 232; 6 N. E. 611; Robinson
v. Rippey, 111 Ind. 112, 119; 12 N. E. 141; Ely v. Board,
112 Ind. 361; 14 N. E. 236; Jackson v. State, 104 Ind. 516;
3 N. E. 863; Hall v. McDonald, 171 Ind. 9; 85 N. E. 707;
Harris v. Curtis, 34 Ind. App. 438; 72 N. E. 1102; In Re
Ross' Estate, 180 Cal. 643, 182 Pac. 755; Conners v. Mc-
Afee (Tex. Civ. App.) 214 S. W. 646; Pearson v. Lloyd
(Tex. Civ. App.) 214 S. W. 759; Cole v. Parker-Washing-
ton Co., 276 Mo. 220, 207 S. W. 749, 766; Acequia Del
Leano v. Acequia De Las Joyas, 25 N. M. 134, 179 Pac. 235;
Board of Commr's. v. Equitable Inv. Trust Co., 80 Kan.
492, 103 Pac. 996; cases in Note L. R. A. 1916 E, p. 316.
We see no valid reason why the foregoing rule should not
be applicable in a case like that at bar, and we think that
it may be *inferred* from the statements contained in the so-
called waiver that the signers thereof were asking the board
to establish the road described therein.   We must, accord-

ingly, treat the petition in this case as complying with the statute and as regular on its face.

4.   Counsel for plaintiff contend not only that ten signers of the highway petition must be qualified electors residing within 15 miles of the road, which is conceded, but, further, that this requirement being jurisdictional, compliance therewith must affirmatively appear of record; that it does not so appear here, and hence the proceedings herein must be adjudged void.   Plaintiffs introduced in evidence what is termed the "record of the proceedings of the board of county commissioners of Platte County."   In that record of proceedings is a document purporting to be executed by the Board of Commissioners of said county, signed by the chairman and clerk of said board, under seal, directed to A. E. Hoffman.   It recites that said Hoffman had been appointed as viewer at the regular session of said board held on April 4th, 1917.   It describes the road and proceeds with the following recital: "said petition being signed by at least ten electors of said county, residing within 15 miles of where said road is asked to be located." Such recital has at times been deemed to be sufficient on collateral attack (29 C. J. 469), though there is authority to the contrary.   Had this recital been contained in the journal entries of said board, the point in question probably would not have been raised.   It would seem not to be necessary, in the absence of a statutory requirement that the fact above mentioned should appear in any particular part of the record of the proceedings of said board.   Galena etc. R. Co. v. Pound, 22 Ill. 349, 414; 15 C. J. 843.   The statute does not provide what shall constitute the record of the proceedings of county commissioners in highway cases. No judgment roll is made up, as was the custom at common law in courts of record.   And in the absence thereof, the minutes and files of the board are probably to be regarded as such, and probably everything appearing therein may be considered.   Hahn v. Kelly, 34 Cal. 391, 427; 94 Am. Dec. 742; Morrow v. Weed, 4 Ia. 127; 66 Am. Dec. 122; Norrell

v. McHenry, 1 Mich. 227; Thayer v. McGee, 20 Mich. 195; Freeman on Judgments, Sec. 86. See Sharp v. Lumley, 34 Cal. 611, 614. In the case at bar the document above mentioned is marked filed as part of the report of the viewer, which report was favorably acted on by the board of commissioners. Such report is specifically provided for by statute, and the whole thereof, therefore, is no doubt a part of the record. Indeed, it may be questioned whether plaintiff, after introducing the document as part of the record of the proceedings of said board, could now be heard to question that it is, in fact, a part of said record. Since the recital mentioned is, however, contained in a document which was probably, in fact, executed only by the chairman of said board instead of said board itself, we prefer to rest our decision on the point now under consideration on another ground. There is much conflict on the question among the authorities. The contention of counsel for plaintiff might be correct, if the statute required the record to show the required qualification of the signers of the highway petition, but no such statute has been pointed out.

Some courts hold that where, as in this state, the statute gives exclusive and general jurisdiction to the board of county commissioners to establish and alter county roads, the action of the board in establishing a highway carries with it the same presumption as to compliance with all precedent statutory requirements as a decree of a court of general jurisdiction. Road Imp. Dist. v. Winkler, 102 Ark. 553; 145 S. W. 209; Henline v. People, 81 Ill. 269, 292; Nealy v. Brown, 6 Ill. 10, 18; Dumass v. Francis, 15 Ill. 543, 546. Text writers, too, take this view. Elliott, Roads & Streets (3rd Ed.) Sec. 324; Elliott's Gen. Prac. Secs. 151, 154; Van Fleet, supra, §§ 811, 812. See also Kidder v. Jennison, 21 Vt. 108. Without, however, committing ourselves to this view, not all the steps in the procedure leading up to the final order establishing the road need be shown, and we think the authorities are nearly unanimous in holding, or at least the greater weight of authority is to

the effect, that if a tribunal of limited jurisdiction has general jurisdiction of the subject matter, and the record discloses the facts necessary to call the jurisdiction of the tribunal over the particular case into action, then, in a collateral attack, the same presumption exists that the tribunal has acted legally and properly and had jurisdiction to proceed and make the final order as exists in the case of courts of general and superior jurisdiction. Elliott, Roads & Streets, § 325; Lewis, Eminent Domain (3rd Ed.) Sec. 869; 15 C. J. 834; 15 R. C. L. 882; Black on Judgments, Sec. 286; Van Fleet, supra, Sec. 806; Brown, on Jurisdiction, Secs. 20a and 22; State v. Edwards, 192 Mo. App. 413, 182 S. W. 816; Cyr v. Dufour, 62 Maine 20; Galena etc. R. R. Co. v. Pound, 22 Ill. 399, 415; McCarthy v. Whalen, 19 Hun. 503; Leonard v. Sparks, 117 Mo. 103, 114, 22 S. W. 899; 38 Am. St. Rep. 646 and cases cited; State v. Dugan, 110 Mo. 138, 19 S. W. 195; Davenport Mut. Sav. Fund v. Schmidt, 15 Iowa 213; Grignon's Lessee v. Astor, 2 Howard 319; 11 L. ed. 283; Ferguson v. Jones, 17 Or. 204, 20 Pac. 842; 3 L. R. A. 620; 11 Am. St. Rep. 808; Jones v. Leeds, 41 Ind. App. 164, 83 N. E. 526; Cason v. Cason, 31 Miss. 578; McGrady v. Clary, (Tex. Civ. App.) 247 S. W. 1099; Board of Commissioners v. Markle, 46 Ind. 96, 112; Cooper v. Sutherland, 3 Iowa 114, 135; 66 Am. Dec. 52. The last two cases contain an exhaustive review of the authorities. We think, as we shall immediately proceed to show, that jurisdiction in this case attached upon the filing of the petition herein, which is a part of the record. Thereupon the foregoing presumption came into operation, and hence it must be presumed that the board proceeded regularly and legally. This necessarily includes the fact that it decided, and decided correctly, that the conditions precedent to its right to proceed existed.

The statute provides a specific form of petition, does not require that it shall state the qualification of the signers, and clearly, therefore, such statement therein cannot be held to be essential thereto. Humboldt County v. Dins-

more, 75 Cal. 604, 17 Pac. 710; Bewley v. Graves, 17 Or.
274; 20 Pac. 322; Bockoven v. Board, 13 S. D. 317, 322;
83 N. W. 335; Snoddy v. Pettis County, 45 Mo. 361;
Tingue v. Village of Port Chester, 101 N. Y. 294, 4 N. E.
625; Keys & Crawford v. Tait, 19 Iowa, 123; Sneed v. Falls
County, 91 Tex. 168; 41 S. W. 481; Robson v. Byler, 14
Tex. App. 374; 37 S. W. 872; Hall v. McDonald, 171 Ind.
9, 85 N. E. 707 and cases cited; Aetna Life Ins. Co. v. Jones,
173 Ind. 149; 89 N. E. 871; Elliott, Roads & Streets (3rd
Ed.) Sec. 377. It is a universal rule that where a petition
is required to be filed in a cause, the filing of one that is suf-
ficient, legal notice of the proceedings being given, confers
jurisdiction and sets in motion the power of the tribunal to
hear and determine the cause. Van Fleet, supra, Sec. 60
*et seq.*, where many illustrations applying to both superior
and inferior courts are given. Black, On Judgments, Sec.
241; Herrett v. Irrigation District, 86 Or. 343, 168 Pac.
609; Eagle Cliff Fishing Co. v. McGowan, 70 Or. 1, 137
Pac. 766; Owen v. Brown, 78 Misc. Rep. 273; 139 N. Y. S.
451; Lake Shore & M. S. Ry. Co. v. Clough, 182 Ind. 178,
104 N. E. 975; 105 N. E. 995; Dippold v. Cathlamet Tim-
ber Co., 98 Or. 183, 193 Pac. 909; Ellis v. Ry. Co. (Tex.
Civ. App.) 208 S. W. 172. To this should be added the
authorities already cited to the effect that a petition need
not be perfect. The giving of legal notice, to acquire juris-
diction over the parties interested, is not questioned in this
case. It was not necessary in a proceeding like this, which
is in the nature of a proceeding in rem, that it be given at
the commencement thereof. Roszell v. Coal Corp., (D. C.)
235 Fed. 343. Further, while the petition must contain the
·requisite allegations to set the jurisdiction of the board in
motion, it would seem that one containing all of the allega-
tions required by statute should be deemed sufficient for
that purpose, and bring into operation the presumption
above mentioned. True, the requirement that the petition
shall be signed by a certain number of qualified electors is
a condition precedent to the right of the board to proceed,

and is, in a sense, jurisdictional. We think, however, that it is simply one of the facts to be decided by the board. The statute does not specifically so provide, but that is not necessary. The board is authorized to appoint a viewer only upon the filing of the proper petition and publish notice of its intention to establish the road. Objections may be filed, and the board must pass upon these objections, as well as upon the petition. These provisions clearly indicate that the statute intends the board to pass upon the question as to whether or not a sufficient number of proper and qualified persons have signed the petition. Freeman on Judgments (4th Ed.) Sec. 523; Spaulding v. Homestead etc., Ass'n., 87 Cal. 40; 24 Pac. 600, 25 Pac. 249; see also 15 C. J. 851, Sec. 170. Jurisdiction is the power to proceed, hear and determine. The determination of the existence or non-existence of the above mentioned fact is not jurisdiction but the exercise of jurisdiction; and where such fact is, by statute or otherwise, intended to be decided by the board, it must necessarily be a fact to be decided after jurisdiction has already attached. Requirements which set the power of a court or tribunal in motion are *strictly* jurisdictional and without them the proceedings are a nullity; but other requirements, in the nature of conditions precedent, which are in the power of a court or tribunal to adjudicate, are quasi-jurisdictional. 23 Cyc. 1074; Reinach v. Atlantic Etc. R. R. Co., (C. C.) 58 Fed. 33; Roszell v. Coal Corp. (D. C.) 235 Fed. 343; Noble v. Union River Logging Co., 147 U. S. 165, 13 Sup. Ct. 271; 37 L. ed. 123; Whitford v. Whitford, 100 Ark. 63, 139 S. W. 653; Blanton v. Forest City Mfg. Co., 138 Ark. 508, 212 S. W. 330. Service of process, seizure and possession of the res within the bailiwick in a proceeding in rem, death of a person to warrant the appointment of an administrator or executor, actual capture of a vessel to warrant its condemnation, actual service in the military or naval service to warrant a court martial to condemn a man, have been cited as requirements strictly jurisdictional. Noble v. Union River Logging Co.,

supra. So the total absence of a petition or a petition so insufficient as not to call into motion the jurisdiction of the board of county commissioners in the case at bar, or want of service of notice, would, no doubt, be of the same nature. Elliott, Roads & Streets, Sec. 339. On the other hand, requisite diversity of citizenship in federal courts, the amount in controversy, the existence and amount of debt of a petitioning debtor in involuntary bankruptcy; that there is insufficient personal property to pay the debts of a decedent, when application is made to sell his real estate; that one of the heirs of an estate had reached his majority; that a cause of action arose in another county, in which case a justice of the peace had no power to try a case; that a corporation adjudged a bankrupt had its principal place of business in the district, are given as illustrations of what are quasi-jurisdictional facts. Noble v. Union River Logging Co., supra; Newton v. Wade, 43 W. Va. 283; 27 S. E. 244; Hill v. Gordon, (C. C.) 45 Fed. 276; Donham v. Springfield Hardware Co., 62 Fed. 110; 10 C. C. A. 294; Roszell v. Continental Coal Corp., supra. And it seems clear that the requirement in this case, that qualified electors should sign the petition, is of the same nature and character as the illustrations of quasi-jurisdictional facts given above.

It is frequently held that a finding of these quasi-jurisdictional facts is implied—presumed—from the fact that the board proceeded in the matter to a final adjudication of the cause, and that a finding, express or implied, is not alone presumed correct, but is conclusive on collateral attack. Freeman on Judgments, Sec. 531 (end) says:

"There are many instances in which it is the duty of an officer or board to make inquiry concerning a jurisdictional fact, and not to proceed unless it is found to exist. Where such is the case, an express finding of the fact, or a finding implied from proceding as though such fact had been ascertained to exist, is generally conclusive, and the ultimate decision cannot be avoided by showing that such fact did not exist."

To the same effect see Elliott, Roads & Streets, Sec. 326; 15 C. J. 852.

We need not go that far in our decision, and need only hold that, jurisdiction having attached, the board is presumed to have decided, and decided correctly, the existence of the facts authorizing it to proceed to the final determination of the cause.   Hence these facts need not appear on the face of the proceedings.   And this is the holding of many authorities.   29 C. J. 469; Keys & Crawford v. Tait, 19 Iowa 123; Sneed v. Falls County, 91 Tex. 168; 41 S. W. 481; Robson v. Byler, 14 Tex. Civ. App. 374; 37 S. W. 872 (direct proceedings); Cyr v. Dufour, 68 Maine 492; Snoddy v. County of Pettis, 45 Mo. 361; State v. Court, 108 Wash. 58, 182 Pac. 962; Humboldt County v. Dinsmore, 75 Cal. 604, 17 Pac. 710; Pittsburgh etc. R. Co. v. Gregg, 181 Ind. 42; 102 N. E. 961; The City of Bloomington v. Phelps, 149 Ind. 596, 49 N. E. 581 and cases cited; Page v. Gilbert, 32 Hun. 301.   To the same effect, though in a somewhat different class of cases, are Oliver v. Monona County, 117 Iowa 43, 52; 91 N. W. 510; McNair v. State, 26 Neb. 257, 261; 41 N. W. 1099; Beebe v. Scheidt, 13 O. S. 406; Scovern v. State, 6 Ohio St. 288; State v. Hanson, 80 Nebr. 774, 115 N. W. 294; Roszell Bros. v. Continental Coal Co., supra. In the case of Keyes & Crawford v. Tait, supra, the court disposed of the question in hand as follows:

"It is objected that the petition does not itself state, nor does the record of the commissioner's court recite that the petitioners are *householders.*   This omission we decide to be not fatally defective, if the road is otherwise a legal one."

In the case of Sneed v. Falls County, supra, the court holding that under the statute it was not necessary that either the petition or an express finding should show the qualification of the signers of the petition goes on to say as follows:

"The State had the inherent right to take the property for a public road, and the owner had no right to question its determination to do so, but his sole right was to have compensation. The real purpose of the proceedings, as far as he is concerned, is to determine the amount of such compensation. City of San Antonio v. Grandjean, recently decided by this court. It is not reasonable, therefore, to suppose that in enacting a law, the main purpose of which as to the owner was to provide a method of ascertaining the compensation, the Legislature ever intended to encumber it with so many technical and unreasonable requirements, not conducive to a correct and just determination of the compensation to be paid, but merely serving as impediments in the way of the duly constituted authorities in attempting to open up necessary highways."

In the case of Grignon's Lessee v. Astor, 2 Howard 319; 11 L. Ed. 283, while not a road case, the court considered the record of a tribunal of inferior jurisdiction, an orphan's court, in connection with its order granting permission or license to sell real estate. The court said:

"Nor is it necessary that a full or perfect account should appear in the records of the contents of papers on file, or the judgment of the court on matters preliminary to a final order; it is enough if there is something of record which shows the subject matter before the court, and their action upon it, that their judciial power arose and was exercised by a definitive order, sentence or decree. * * * The granting the license to sell is an adjudication upon all the facts necessary to give jurisdiction, and whether they existed or not is wholly immaterial, if no appeal is taken; the rule is the same whether the law gives an appeal or not; if none is given from the final decree, it is conclusive on all whom it concerns. The record is absolute verity, to contradict which there can be no averment

or evidence; the court having power to make the decree, it can be impeached only by fraud in the party who obtains it.''

It is not necessary, in this case, as we have heretofore stated, to go as far as the case just cited and others of a similar tenor, in holding that the decision, express or implied, on jurisdictional or quasi-jurisdictional facts, is conclusive.   Other cases hold the contrary.   Beardlee v. Dolge, 143 N. Y. 160, 38 N. E. 205, 42 A. S. R. 707; Roberts v. Easton, 19 O. S. 78; Brown on Jurisdiction, Sec. 193; Bailey on Jurisdiction, Sec. 173; and see dissenting opinion of Mr. Justice Bradley in Town of Colonna v. Eaves, 92 U. S. 484; 23 L. Ed. 579.   There may be steps in highway proceedings, which, if non-compliance therewith is shown, may vitiate the proceedings even in a collateral attack, since, after all, the jurisdiction acquired by the board is simply jurisdiction to proceed to a final determination of the case in the mode provided by law.   Elliott, Roads & Streets, Sec. 328; Lewis, Eminent Domain, Sec. 868.   Further, there may be ground for holding, where no express finding of jurisdictional or quasi-jurisdictional facts is made, but there is simply an implied finding, that evidence *aliunde* should be admissible to show the true facts.   Hence we simply hold that after jurisdiction in highway cases has been shown to have attached by the filing of a petition in the statutory form, and it appears of record that notice has been given as provided by law, then, as included in the presumption that the board proceeded regularly and legally, the existence of all other jurisdictional or quasi-jurisdictional facts necessary in order to legally make the final order establishing the road will be presumed in the absence of a showing to the contrary either by the record itself or by evidence *aliunde*.   We might add here, without discussing the evidence in detail, that while it is argued to some extent that the evidence in this case shows affirmatively that less than the required

number of qualified electors signed the highway petition herein, the contention of disqualification is true only as to one of the signers, still leaving 10, the required number, who are not shown to have been disqualified.

The difference between the cases holding the rule contended for by counsel for plaintiff and the cases holding the rule herein approved is not as great as appears at first blush. The difference is, in fact, but slight. The principle that the record of the proceedings should show the qualification of the signers of the petition really requires, in strict logic, nothing less than the preservation in the record of the evidence submitted to the board on that point. But we know of no case which goes that far. A showing of facts, appearing on the record, from which the presumption of the requisite qualification may arise has in all cases, we believe, been deemed sufficient. Some of the cases hold that if the petition alleges the necessary qualification of the signers, the record sufficiently shows that fact, not because of the allegation alone at least—for it proves nothing—but because it will be presumed that the facts alleged were duly proven. Since in this state the petition need not contain that allegation, no good reason appears why the same presumption that the necessary facts were duly proven, should not exist. Other cases hold that if the record discloses an express determination of the existence of the necessary facts, that is sufficient, which, again, is based on the presumption that the determination is correct. We have, in this case, simply extended the principle of presumption one step further back, by also applying it to the fact of the determination itself, and this, we believe, is more in harmony with general principles applicable to similar cases.

6.   Section 2988, W. C. S. 1920, provides that with the petition shall be filed a list of the property owners through whose land the road runs, together with the post-office address of such owners. A list purporting to give all the names of such owners was actually filed, being contained

on the back of the petition. But it is claimed that the list is not complete and left out three parties, the Wyoming Development Co., F. E. Martin and H. L. Meadows. We think, however, as the Illinois court of Appeals in the case of Caldwell v. Moffatt, 215 Ill. App. 583, that while such an omission is an irregularity, it cannot be held to be jurisdictional. It might be jurisdictional as to parties not named, but plaintiff who was named should not have the power to overthrow a proceeding so generally beneficial as the laying out of a public road. Bockoven v. Board of Supervisors, 13 S. D. 317, 321, 83 N. W. 335 and cases cited.

7. Section 2990 provides that the chairman of a board of county commissioners may appoint a viewer, if, in his judgment, an emergency exists. It is claimed that in this case the chairman of the board made the appointment but that no emergency has been shown to exist. But the statute evidently leaves the determination of that fact to his judgment, and assuming that he made the appointment herein, in the fact of making it was necessarily involved the determination of the existence of such emergency, and the formal entry, by him, upon the records could not, in the absence of a statutory requirement, be regarded as jurisdictional. We have not been cited to any case holding it to be so.

8. It is claimed that the report of the viewer is defective because it did not, as required by statute, state whether the proposed road was practical, nor "the probable expense of the same, including damages to the property owners along the line thereof," and the benefits thereto. The viewer reported that he recommended that the road be established as was called for by the petition, that it would be a benefit to a great many people and should be established; that three bridges should be constructed and some work done on the hills, and that the expense of the road would be about $5,000.00. We think that from these statements may be readily gathered the fact that in his opinion the road was practicable. It was not necessary to use the

identical language of the statute. Whether the statute contemplates that the separate items of damages and benefits to each property holder along the line of the road shall be reported, may at least be questioned, since the specific damages are to be later fixed by appraisers. In any event, whatever defect, if any, exists in this respect could not well, in view of what we have heretofore said as to the importance of the viewer and his report in the scheme of establishment of highways in this state, be considered other than an irregularity, and such defect could not, therefore, be considered in this action.

9. Counsel for plaintiff contend that the public road law of this state is unconstitutional as denying due process of law, for the alleged reason that section 3002, W. C. S. 1920 fails to require notice to be given by the appraisers of their meeting to fix the amount of damages. It is not necessary, in order to constitute due process of law, that a property owner be notified of every step of the proceedings, provided that at some stage thereof he have full opportunity to present his case to an impartial tribunal. 20 C. J. 929 and cases cited. State ex rel v. District Court, 90 Minn. 457, 97 N. W. 132; Bass v. City of Casper, 28 Wyo. 387, 435, 205 Pac. 1008, 208 Pac. 439; Page & Jones, Tax. by Assessment, Sec. 125. Among several admissible modes is that of causing the amount to be assessed by viewers or appraisers, subject to an appeal to a court carrying with it a right to have the matter determined upon a full trial. And where this mode is adopted due process does not require that a hearing before the viewers, or appraisers, be afforded, but is satisfied by the full hearing that may be obtained by exercising the right to appeal. Bragg v. Weaver, 251 U. S. 57, 40 Sup. Ct. 62, 64 L. Ed. 135 and cases cited; People v. Adirondack R. Co., 160 N. Y. 225, 241, 54 N. E. 689; Fulton v. Dover, 8 Houst. (Del.) 78, 6 Atl. 633, 12 Atl. 394, 31 Atl. 976; City of Atlanta v. Central R. & B. Co., 53 Ga. 120; Page & Jones, supra, Sec. 134, and cases cited. We think that under our statute this

principle is fully satisfied. In fact, the only substantial difference between this case and Bragg v. Weaver, supra, is the time of the notice given. The board of county commissioners must appoint a day, not less than thirty days thereafter, on or before which day all objections to the establishment of the road and claims for damages are to be filed. Sec. 2996, W. C. S. 1920. Notice thereof must be published for three successive weeks in the official newspaper of the county, and a copy of the notice must be mailed by registry mail to all persons owning lands or claiming any interest in any lands over and across which the proposed road is located. Sec. 2979 . Though by the same section, the published notice alone is declared to be a sufficient notice, still the provisions for mailing a copy is a further protection to the land owner so as to give him opportunity to appear and protect his rights. All objections or claims for damages must be filed on or before noon of the day fixed—Sec. 2998. If claims for damages are filed, the board, at a regular or special meeting, must appoint three suitable and disinterested electors of the county as appraisers to view the ground, on a day fixed by the board. All meetings of the board are public, (Sec. 1413) and their proceedings must be published in a newspaper of the county within 48 hours, or immediately thereafter, and if practicable, notice must also be published in the official newspaper of said board of every regular or special meeting of the board. Sec. 1424. The appraisers must be notified of their appointment by the county clerk, and are furnished with a list of claimants for damages and the amount of the claims, and are directed when to file their report. Sec. 3001. The appraisers must meet within ten days after receiving notice of their appointment; that is to say, on the date set by the board; must take an oath to faithfully and impartially discharge their duties; may, if convenient, give further notice of their meeting to property holders or their agents and hear evidence. Sec. 3002. At the next meeting of the board—which, no doubt,

is intended to be the next regular meeting fixed by law—
the board may hear testimony, consider petitions for and
remonstrances against the establishment of the road, may
establish it, or refuse to do so, and "may increase or
diminish the damages allowed by the appraisers." Sec.
3003. Any claimant of damages may appeal from the final
decision of the board of county commissioners to the dis-
trict court of the county wherein the land lies, by giving
notice of such appeal to the county clerk within thirty
days after such decision by said board, and by giving a
bond in the sum of $50.00 to cover costs. That being done
the county clerk must, within ten days, file in said court
a transcript of the papers and the proceedings of the
board in relation to such damages claimed. The damages
are then to be ascertained in said court in the same man-
ner as damages in a civil action, which includes the right
to a trial by a jury. Sections 3008-3010. We do not think
the contention of counsel for plaintiff is well founded,
when they argue that under these provisions the claim for
damages might be finally determined by the board of
county commissioners and that the thirty days might
elapse without such claimant having any knowledge of
the proceedings. If that were to happen, it would be due,
we think, solely to the negligence of a claimant, except in
case of unavoidable casualty from which relief might be
obtained in equity. When the notice required by law is
duly given, the sufficiency of which to convey knowledge
to parties interested and the giving of which in the case
at bar is not questioned, it satisfies the requirements of
due process and it becomes the duty of a claimant for
damages to take cognizance of all acts or steps thereafter
taken in the proceedings. 20 C. J. 931 and cases cited; 12
C. J. 1229; State ex rel v. District Court, 90 Minn. 457, 97
N. W. 132; In re Bump, 152 Cal. 274, 92 Pac. 643; Jones v.
Mould, 151 Ia. 599, 132 N. W. 45; Handley v. Graham, 187
Ky. 316, 219 S. W. 417, 420; Henderson v. Mut. Fertilizer
Co., 150 Ga. 465, 104 S. W. 229; Bonney v. McClelland,

235 Ill. 259, 85 N. E. 242; Staunton Coal Co. v. Menk, 197 Ill. 369, 64 N. E. 278 and cases cited. Nor, do we think, is this difficult under the provisions of our statute. All acts done are done openly, public notice is provided to be given of all steps taken by the board of county commissioners, and reasonable inquiry, should the public notice not come to the knowledge of claimants, would fully inform them of just what has been done, and gives them, we think, that reasonable opportunity for a full and complete and impartial hearing required by the constitution to constitute due process of law.

10.   The notice given in the case at bar provided that all objections or claims for damages "must be filed in writing with the county clerk of said county before noon on the 7th day of June, A. D. 1917, or such road will be established without reference to such objections or claims for damages." The wording is in accordance with Sec. 2997, W. C. S. 1920. Section 2998 provides that: "If no objections or claims for damages are filed on or before noon of the day fixed for filing the same, they shall be disregarded and not considered, and shall be deemed to have been waived and barred." Plaintiff filed objections, including a rather indefinite claim for damages, on June 30, 1917. No reason has been alleged or shown why the objection and claim was not filed within the time fixed in the notice. A document is incorporated in the record which does not disclose when it was executed, but it does show that it was not filed until July 2, 1917, and we cannot, therefore, presume that it was executed prior to or on June 7th, 1917, and no claim is, in fact, made, that it was executed on or prior to the last mentioned date. It purports to be executed by the "Board of County Commissioners of Platte County, Wyoming, by A. E. Hoffman, its chairman," and recites that "it is hereby stipulated and agreed by and between the board of county commissioners of Platte County, Wyoming, and The North Laramie Land Company, that the said North Laramie Land Company be and they are

hereby granted until the third day of July, A. D. 1917 to file their objections and claim for damages on account of county Road No. 83 traversing said Company's land." The record does not disclose, except by the recitals of the foregoing stipulation, whether the board or only its chairman executed it, but for the purposes of this case, we may treat it as though executed by the board. Nor is it shown that any action was taken on the objection and claim filed, except only that it is made to appear by some affidavits filed in connection with a motion to dissolve the temporary injunction herein that said board of county commissioners considered the subject and decided that the plaintiff was not entitled to any damages. Plaintiff now claims that the board had a right to *fix* the time for claiming damages, and that by the stipulation mentioned, it *fixed* the time as July 3rd, 1917. But by the time *fixed*, as mentioned in Section 2998, is undoubtedly meant the time originally fixed by the board and published in the notice given. It could not reasonably have been intended by law that the board should fix, or be able to fix, a separate date for each claimant, and thus extend favors to one that might be denied to another. If an application for an extension of time or an order extending the time had been made before the date fixed in the notice had expired, and before the provision for waiver provided by law had come into operation, then the question might arise as to whether or not the board has inherent power to grant extensions, but where no appearance whatever has been made before the time fixed, and the provision of law that all claims of damages not filed in time shall not be considered and shall be deemed waived, has definitely come into operation, then we cannot see how the board can, by direct violation of the law, bring to life a claim that is by statute declared to be barred. Davison v. Campbell, 28 Ind. App. 688, 63 N. E. 779. Counsel for plaintiff, however, argue that the statute cannot impose upon an owner whose property is sought to be taken in eminent domain proceedings, a condition that,

in order to be entitled to compensation, he must file a claim therefor. They cite in support of that contention the cases of Board of Levee Commr's. v. Dancy, 65 Miss. 335, 3 So. 568; Kincaid v. Seattle, 74 Wash. 617, 134 Pac. 504, 135 Pac. 820 and Kime v. Cass County, 71 Nebr. 677, 99 N. W. 546, 101 N. W. 2, 8 Ann. Cas. 853. The case from Mississippi and that from Washington are not controlling, because decided under a constitution providing that before private property may be taken for public use, compensation must first be made. No such constitutional provision is found in our state. Sec. 33, Article 1 of the Wyoming Constitution provides that "private property shall not be taken or damaged for public or private use without just compensation." If damages are legally recovered or allowed in highway proceedings, they are payable absolutely, and the county and its taxpayers are responsible therefor, so that ample provision exists under our law for ultimate payment. And that appears to satisfy the constitutional provision quoted. The Nebraska case cited decides, it is true, to the contrary, under a constitutional provision identical with ours. But from our investigation the court in that state seems to stand alone on that proposition, and the contrary has been decided in other jurisdictions under like constitutional provisions, or even under provisions like that of Mississippi and Washington. Wabash etc. R. Co. v. Defiance, 52 O. S. 262, 305; 40 N. E. 89 and other Ohio cases cited; Brookville etc. Co. v. Butler, 91 Ind. 134, 46 A. S. R. 580; Kansas City v. Duncan, 135 Mo. 571, 37 S. W. 513; Petit v. McClanahan (Mo.) 249 S. W. 918; Sala v. Pasadena, 162 Cal. 714, 124 Pac. 539; Potter v. Ames, 43 Cal. 75; Taylor v. Drainage District, 167 Ia. 42, 148 N. W. 1040; L. R. A. 1916 B. 1193; State v. Messenger, 27 Minn. 119, 6 N. W. 457; Simms v. R. R. Co., 59 Tenn. 621; Bost v. Cabarrus, Co., 152 N. C. 531, 67 S. E. 1066; Wabash etc. R. Co. v. Defiance, 167 U. S. 88, 17 Sup. Ct. 748, 754; 42 L. Ed. 87; 20 C. J. 871, 872. Nichols, Eminent Domain, Sec. 344. Public roads, particularly in a

new state like Wyoming, are important. At the same time the board is entitled to know the amount of the claims made for and on account thereof, so that it may determine whether or not to make the expense of establishment of a road a burden upon the tax payers of the county, and we do not feel justified in holding a law requiring the presentment of a claim for damages within a given time as unconstitutional when, as we believe is true here, reasonable provision has been made and reasonable opportunity has been given, after notice, for the landowner to do so. If circumstances should arise that should in equity relieve a land owner from his default, a different question would arise, but no such circumstances are alleged or shown or claimed herein.

The further point urged that the appraisers did not meet at the time fixed by the board becomes, in view of the failure of the plaintiff to file its claim in time, wholly immaterial as to the latter.

The judgment of the lower court should accordingly be affirmed and it is so ordered.

*Affirmed.*

Potter, Ch. J., and Kimball, J., concur.

NOTE—Headnotes, (1), (2), (6), (13), (14), (16), (17), (18), (19) see Highways, 29 C. J. Secs. 49 (1924 Anno.), 55, 69, 70, 81, 82, (1924 Anno.), 111, 114, 151, 153, 155, 188; (3), (4), (5), (7), (8) see Judgments, 23 Cyc. 976, 1002, 1054, 1062, 1065, 1090; (9) see Evidence, 22 C. J. Sec. 1552, Highways, 29 C. J. Sec. 152; (10) Highways, 29 C. J. Sec. 67, Contracts, 13 C. J. Sec. 129; (11), (12), (15) see Courts, 15 C. J. 94, 150, 23, (1924 Anno.) Judgments, 23 Cyc. 1073; (20), (21), (22), (23) see Eminent Domain, 20 C. J. Sec. 299, 343, 418 (1924 Anno.), Constitutional Law, 12 C. J. Sec. 1106.